**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**Frank VIZZA, Appellee.**

No. 14408.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 10, 1965.

Rehearing Denied Dec. 8, 1965.

Groce, Hebdon, Fahey & Smith, Damon Ball, San Antonio, for appellant.

Rudy Rice, San Antonio, for appellee.

MURRAY, Chief Justice.

In a jury trial in the 131st District Court of Bexar County, appellee, Frank Vizza, recovered a judgment for total-temporary incapacity for a period of 148 weeks, and for partial-temporary incapacity of 104 weeks, amounting to a total sum of $8,114.-39. Texas Employers Insurance Association has prosecuted this appeal.

Appellant has alleged misconduct of the jury in that during their deliberation at least three or four of the jurors, in the presence of other jurors, discussed their own injuries, including back injuries, described their own injuries in detail, and further stated inter alia that, based on their experience with their own injuries, appellee would never recover from his back injury, and thus the jury was influenced to answer the special issues submitted to them in a manner unfavorable to appellant.

At the hearing on appellant's motion for a new trial, eight of the jurors were sworn and testified. It is clear from this testimony that at least four of the jurors during their deliberations discussed their own injuries, and at least three such injuries were back injuries. When the jurors would discuss their own injuries, either the foreman or some other juror would state that they should not consider their own injuries and their own experiences, but notwithstanding these admonitions such jurors continued to again and again discuss their own experiences and injuries. It seems that neither the foreman nor other jurors were successful in stopping these improper discussions. Some of the jurors stated in substance that from their own experiences they knew that Dr. Munslow was wrong when he stated that appellee would recover in about a year. All of these discussions took place during the deliberations and before the jury had answered the questions relating to the length of time appellee would be incapacitated. The trial judge overruled the motion for new trial, but this must have been based upon his opinion that the admonitions given to the offending jurors was sufficient to remove the harmful nature of the discussions, and they therefore did not amount to misconduct. It is clear from the evidence that the discussions did occur time and time again.

■ The issue as to whether appellee sustained an accidental injury in the course of his employment which caused serious disability was a hotly contested question, one doctor testifying that appellee had a herniated disk in his back and another doctor testifying in effect that he did not. The jury deliberated over nine hours, and we have concluded from the entire record, both on the trial of the merits and on the hearing on the motion for new trial, that appellant was in all probability prejudiced as a result of these improper discussions by the jurors.

■ The recent case of National Sur. Corp. v. Moore, Tex.Civ.App., 386 S.W.2d 327, is almost identical with this case. The Court there said in effect, where a juror improperly mentions his own back injury similar to that received by a plaintiff, and such juror is sufficiently rebuked by the foreman or other jurors, and the jury admonished not to consider such personal injury and it is not again brought up or further discussed, such mention does not constitute jury misconduct. But where the foreman or other jurors are not sufficiently in command of the situation to prevent such discussion from being repeated time and time again, then and in such event such repeated discussion of personal experiences with back injuries does constitute jury misconduct.

■ The record shows that one of the jurors during an overnight recess by the jury looked up in the dictionary the meaning of the following six words: Partial, Permanent, Temporary, Total, Incapacity and Incapacitate. These definitions were different from the legal definitions given in the court's charge. The definitions were read to the jury. This conduct by this juror was highly improper, but we will not here pass upon the prejudicial effect of this matter as the judgment must be reversed in any event. Such conduct in all probability will not happen upon another trial.

The judgment is reversed and the cause remanded for a new trial.