**LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,**

v.

**Maggie CUMMINGS, Appellee.**

No. 18428.

Court of Civil Appeals of Texas, Fort Worth.

June 18, 1981.

Rehearing Denied July 16, 1981.

Lancaster Smith Law Office and Scott Smith and Harvey L. Davis, Dallas, for appellant.

Street, Swift, Brockermeyer, Bell & Ward and Kae L. Brockermeyer, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

Maggie Cummings recovered $5,135.04 from her employer's workers' compensation carrier, Lumbermens Mutual Casualty Company. The jury found she was totally and permanently incapacitated. The nature of her injury was one affecting her legs and back. The trial court rendered judgment based upon the jury's findings. Lumbermens moved for a new trial on the grounds that there was jury misconduct. The motion was overruled and Lumbermens has appealed.

We reverse and remand.

This case was tried on the 20th and 21st days of May, 1980. On the 19th of May, Lumbermens' trial attorney had filed a motion for continuance (without an attached affidavit) on the grounds that he was under a federal discovery order which would cause his predisposition on the date the trial was set on the docket. The trial court overruled the motion.

It is Lumbermens' ninth point of error that it was "severely prejudiced" because,

as a result of the court's ruling, it was represented at trial by a newly licensed attorney who had never tried a district court case nor a workers' compensation case. The newly licensed attorney was an attorney of record.

It is within the trial court's discretion to grant a continuance due to absence of counsel. Tex.R.Civ.P. 253. We hold that the trial court's refusal to grant a continuance did not constitute an abuse of discretion in view of the fact that an attorney of record was available for trial. Moreover, the absence of a supporting affidavit caused the motion to be in noncompliance with Tex.R.Civ.P. 251; therefore, we must presume that the trial court did not abuse its discretion. *Zamora v. Romero*, 581 S.W.2d 742 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.).

We overrule Lumbermens' ninth point of error.

We shall consider the sixth point of error with the first four points of error. In its sixth point of error, Lumbermens asserts that the trial court erred in entering judgment for Mrs. Cummings on the jury's verdict that Mrs. Cummings was totally and permanently disabled beyond June 25, 1979 because the "undisputed evidence" is that between June 25, 1979 and October 1979, Mrs. Cummings was not disabled.

Lumbermens' first four points of error relate to the assertion that the trial court erred in overruling Lumbermens' motion for new trial. We overrule the fourth point of error because Lumbermens announced ready at the hearing on the motion for new trial i. e. the trial court did not abuse its discretion in refusing to allow Lumbermens sufficient time to fully develop its evidence of jury misconduct.

By its first three points of error Lumbermens avers that its motion for new trial should have been granted because the undisputed testimony showed that during the jury's deliberation some of the jurors discussed their personal experience with prior back problems and thereafter some of the jurors changed their vote and found for Mrs. Cummings. Furthermore, it is alleged that the court committed reversible error in

refusing Lumbermens' right to perfect bills of exception and in sustaining objections to the jurors' testimony about overt acts that occurred during their deliberations.

There was much conflicting evidence adduced at the trial on the merits. The date of June 25, 1979 is supposedly significant because on that date Mrs. Cummings was released to return to work by one of her treating physicians, Dr. Williamson.

Mrs. Cummings testified that: after she had been released by Dr. Williamson she went back to work at Lewisville Memorial Hospital where she was employed as a cook at the time she injured her back; due to the pain she was suffering she took a month's leave of absence from Lewisville Memorial after having worked only eight days; during this month's leave she thought she felt well enough to go back to work at Lewisville Memorial but her position as a cook had been "covered with another lady"; she then went to work as a parttime cook at Ramada Inn where she worked for ten or twelve days after which she returned to Lewisville Memorial to find out that her employment there had been terminated; she did not return to Ramada Inn thereafter because she thought she had found an easier job at Leisure Lodge; while she worked at Leisure Lodge she would "work for awhile and take off for awhile"; the last time she worked was March 1980; she experiences pain everyday if she stands on her feet for a long time; and no therapy had been of any relief.

Several expert witnesses testified at trial. It was Dr. Williamson's opinion that Mrs. Cummings was totally incapacitated for the period of time she was hospitalized (June 3, 1979 through June 13, 1979) until he released her on June 25, 1979. His diagnosis was that Mrs. Cummings had suffered a muscle spasm in the lower back; however, he himself had never performed a complete orthopedic exam on her. He released her to go back to work based partly on his examination of her and partly on how she had told him she felt.

Dr. Howard, a specialist in bone and joint surgery who had examined Cummings ap-

proximately a month before the trial, testified that "[a]t this time she is not able to do the job of a working person". His diagnosis was that Mrs. Cummings' problems stemmed from a disc impairment (mechanical back problem with nerve root compression syndrome) and that her condition was permanent. Dr. Howard's testimony was supported by a Dr. Damon who also believed that Mrs. Cummings' problem was disc related. It was Dr. Damon's testimony that an individual having such a condition usually will have pain and impairment of the motions of the body, such as bending, stooping, squatting, lifting or sitting for long periods of time.

One physician who treated Mrs. Cummings, a Dr. Kurilecz, testified that he found no injury to Mrs. Cummings arising from her work.

There is also conflicting evidence as to whether Mrs. Cummings manifested any impediment to her ability to work and as to whether she ever voiced any complaints about her problem.

It is apparent to us that the question as to whether Mrs. Cummings' incapacity, if any, is total and permanent is a close one. Hence, Lumbermens' assertion of jury misconduct takes on added importance.

At the hearing on the motion for new trial Lumbermens called as witnesses, three jurors who had attested (by affidavit) to the fact that conversations relating to the jurors' personal experience and knowledge took place during the jury's deliberations. The trial court sustained certain objections as to the admissibility of testimony about the jury's vote changing and also refused, at several points, to allow Lumbermens to make bills of exceptions on these matters.

■ The trial court was in error in sustaining objections to testimony relating to the vote changes. An inquiry into whether a jury's vote changes involves an overt act and does not delve into the mental processes of the jury. The error of the trial court was compounded when it refused to allow Lumbermens to make the bills of exception and thus develop its evidence as to the alleged misconduct. The trial court's grounds for its action, in many instances, were superficial. The refusal of the trial court to allow Lumbermens to make bills of exception would constitute reversible error were it not for the fact that the record contains indications of the nature of the excluded evidence and what would have been proved. *Ledisco Financial Services, Inc. v. Viracola*, 533 S.W.2d 951 (Tex.Civ.App.—Texarkana 1976, no writ) and the cases cited therein.

■ The record shows that conversations relating to the personal experiences and knowledge of back problems took place. All of the jurors who testified at the hearing on the motion for new trial testified that one or more (as many as four) ladies relayed personal experiences and described the discomfort, the limitations and the permanency of back trouble. Despite the sustaining of certain objections by the trial court, it is also shown that two votes of the jury were taken with the final vote being taken after the conversations among the jurors. There is testimony that at no time did any of the jurors remark that these conversations should not be taking place.

In view of the fact that the issue of the degree of incapacity, if any, suffered by Mrs. Cummings was hotly contested we hold that there was jury misconduct which was material and which probably resulted in injury to Lumbermens. *Texas Employers Insurance Association v. Vizza*, 396 S.W.2d 472 (Tex.Civ.App.—San Antonio 1965, no writ); *Travelers Insurance Company v. Carter*, 298 S.W.2d 231 (Tex.Civ.App.—Eastland 1956, writ ref'd n. r. e.). We therefore reverse and remand this case for a new trial.

We have considered Lumbermens' remaining points of error and find them to be without merit.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

MASSEY, C. J., concurs.

MASSEY, Chief Justice, concurring.

I concur in the result. However, I would predicate reversal and remand upon the re-

fusal of the trial court to permit the evidence to be developed for purposes of Lumbermens' bills of exceptions.