MANUFACTURED HOUSING MANAGE-
MENT CORPORATION, Appellant,

v.

Albert TUBB, et al., Appellees.

No. 10–82–030–CV.

Court of Appeals of Texas,
Waco.

Nov. 18, 1982.

Rehearing Denied Dec. 16, 1982.

---

J. Frank Kinsel, Jr., Beverly Willis, Naman, Howell, Smith & Lee, P.C., Waco, for appellant.

Michael Thomas, Martin & Thomas, Mexia, Jack B. Ellison, Buffalo, Steven R. Guy, Norman, Spiers, Thrall, Angle & Rountree, Rusk, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Manufactured Housing Management Corporation (hereafter MHMC) from $16,880.48 judgment against it, in favor of plaintiff Tubb; and $450.00 plus $7,000.00 attorneys' fees judgment against it, in favor of counterclaimant Clayton-Isaacs Mobile Home Sales (hereafter CI). .

Plaintiff Tubb sued defendants MHMC and CI for damages for defects in a mobile home plaintiff purchased from CI, and allegedly manufactured by MHMC. Suit was filed under the Deceptive Trade Practices and Consumer Protection Act. CI counterclaimed against MHMC. Defendant MHMC answered among other matters, it did not manufacture or sell the mobile home.

Plaintiff entered into a "Mary Carter" type agreement with CI whereby CI paid plaintiff $5,000.00 in settlement of all claims against it.

Trial was to a jury which found:

1) The mobile home was manufactured by Chickasha Mobile Homes, a division of MHMC.
2) The mobile home was not of merchantable quality on the date it was sold to plaintiff.
3) The value of the mobile home if it had been of merchantable quality at delivery to plaintiff was $13,200.00.
4) The value of the mobile home as delivered to plaintiff was $8,000.00.
5) MHMC represented to plaintiff the mobile home was of a particular standard, quality or grade when in fact it was of another. (CI made no such representation).
6) MHMC represented the mobile home had characteristics it did not have. (CI made no such representations).
7) The manufacturer named in Issue 1 sold the mobile home to CI.
8) The manufacturer named in Issue 1 represented to CI that the mobile home was fit for the purposes for which mobile homes are used.
9) CI relied on those representations.
10) By relying on the representations of the manufacturer CI was damaged.
11) CI was damaged $150.00.
12) Reasonable attorneys' fees for CI are:
   a) In the trial court $5,000.00.
   b) In Court of Appeals $1,000.00.
   c) In Supreme Court $1,000.00.

The trial court rendered judgment on such verdict for plaintiff for $16,880.48 ($13,200.00 − $8,000.00 = $5,200.00 × 3 = $15,600.00 + $1,280.48 prejudgment interest = $16,880.48) against MHMC; and for CI for $450.00 ($150.00 × 3 = $450.00 plus $7,000.00 attorneys' fees) as found by the jury, (subject to reduction of $2,000.00 if there be no appeal).

MHMC appeals on 23 points asserting 4 main contentions.

Points 1 and 2 assert the trial court "erred in overruling MHMC's motion for a continuance and in forcing it to trial without local counsel and without adequate time to prepare".

This case was filed in November 1978. The law firm of Sallas and Meriwether, through Attorney Pemberton filed answer for MHMC in December 1978. During the course of this litigation copies of pleadings and correspondence were sent to Beckett and Steinkamp, St. Louis, Missouri, attorneys representing MHMC.

Two prior motions for continuance had been filed by MHMC and granted.

The case was finally set for trial for November 9, 1981.

On November 4, 5 days before trial date, Attorney Pemberton had some controversy with Attorney Beckett (general counsel for MHMC), and Pemberton advised Beckett he

was withdrawing as counsel for MHMC, and on that date mailed all parties, including Beckett and Steinkamp, a copy of his motion to withdraw, and advised MHMC to obtain new counsel. The trial court called the case for trial November 9, 1981 and plaintiff announced ready. Present in the courtroom was Attorney Steinkamp of Beckett and Steinkamp, counsel for MHMC. Also present was Attorney J. Frank Kinsel, Jr. of the law firm of Naman, Howell, Smith and Lee, but who stated he was not entering his appearance in the case.

Attorney Steinkamp filed an unsworn [3rd] Motion for Continuance on behalf of MHMC[1], reciting that MHMC's attorney of record was granted permission to withdraw from the case on November 9, 1981; that MHMC had "contacted the firm of Naman, Howell, Smith, Lee & Muldrow on Friday, November 6, 1981, and advised them that the case was passed and its attorney would withdraw" and that MHMC needs additional time to familiarize its counsel with the facts of the case.

The trial court overruled such motion. Attorney Kinsel remained in the courtroom throughout the trial.

Rule 251 TRCP "Continuance" provides no application for continuance shall be granted except for sufficient cause supported by affidavit; and Rule 253 TRCP "Absence of Counsel as Ground for Continuance" provides absence of counsel will not be good cause for a continuance except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge of the judge to be stated on the record.

■ The matter of granting of a continuance rests within the sound discretion of the trial judge; and it will be presumed absent showing of any abuse of discretion, that the court properly exercised its discretion. *Hernandez v. Heldenfels,* Tex., 374 S.W.2d 196; *Jones v. John's Community Hospital,* Tex.App. (Waco) NWH, 624 S.W.2d 330; *Zamora v. Romero,* Tex.Civ.App. (Corpus

Christi), NRE, 581 S.W.2d 742; *Chandler v. Chandler,* Tex.Civ.App. (Corpus Christi), Er. Dism'd, 536 S.W.2d 260; *Lumbermens Mutual Cas. Co. v. Cummings,* Tex.Civ.App. (Fort Worth), NRE, 618 S.W.2d 883.

*Chandler* and *Lumbermens,* supra, involve Rule 253 and absence of counsel, and *Lumbermens* further involves absence of supporting affidavit as required by Rule 251.

■ This case had been pending 3 years, MHMC had Attorney Steinkamp plus Attorney Kinsel (who stated he was not entering the case), in court with it throughout trial; the motion for continuance was not in compliance with Rule 251; and was a third motion. We hold the trial court did not abuse its discretion in refusing to grant the motion for continuance. Points 1 and 2 are overruled.

Points 3 through 18 assert there is no evidence and/or insufficient evidence to support the jury's answers to Issues 1, 5, 6, 7, 8, 9 and 10. (The jury's answers to Issues 2, 3 and 4 are not attacked).

■ Issue 1 found Chickasha Mobile Homes, a Division of MHMC, manufactured the mobile home; and Issue 7 found that the manufacturer sold it to CI.

Plaintiff's Exhibit 1, defendant's invoice for the mobile home, reflects it was manufactured by Chickasha Mobile Homes, a Division of MHMC, and that it was sold to CI. Plaintiff's Exhibits 2, 3, 4, 8, 9 and other evidence is to the same effect. The evidence is ample to support the jury's answers to Issues 1 and 7.

■ Issues 5, 6, 8, 9 and 10 found MHMC represented the mobile home was of a particular quality and grade, when such was not true and that it had characteristics it did not have; and that MHMC represented the mobile home was fit for the purposes for which mobile homes are used. Plaintiff's Exhibit 2, the manufacturer's warranty, states the mobile home is free from

---

[1]. Which motion was apparently prepared by Attorney Kinsel whose name at the end of the motion was signed but crossed out.

defects in material and workmanship and reasonably fit for human habitation; and was a new vehicle. CI paid MHMC $11,475.00 for the mobile home as a new vehicle free of defects in material and workmanship. The mobile home had a great number of serious defects as reflected by the jury's answers to Issues 2, 3 and 4 (and which are not attacked). In such situation the evidence is ample to support the jury's answers to Issues 5, 6, 8, 9 and 10.

Points 3 through 18 are overruled.

Points 19 through 22 assert there is no evidence to support any element of damage plead by CI; that the trial court erred in trebling such damages awarded CI; and that the attorney's fees decreed CI were improperly awarded.

 MHMC levelled no special exceptions to CI's pleadings as required by Rules 90 and 91 TRCP. In the absence of same MHMC has waived objections based on the pleadings. The evidence reflects CI made some 10 trips, with 2 men, for 112 miles to attempt to correct defects in the mobile home. The evidence is ample to sustain the award of $150.00 in damages. However, under the Texas Deceptive Trade Practices Act as it existed at the time of the occurrence involved in this case, and by which their recovery against MHMC was trebled, CI was not a consumer, and was not entitled to a trebling of its damages, nor entitled to attorneys' fees under the Act. *Ratcliff v. Trenholm,* Tex.Civ.App. (Tyler) NRE, 596 S.W.2d 645.

CI was of course entitled to attorneys' fees for the breach of warranty by MHMC, and plead generally for same in their First Amended Cross Claim. And if a correct decision is made by a trial court in its judgment, then assignment by the trial court of a wrong reason for granting such judgment is not reversible error. *Ace Drug Marts, Inc. v. Sterling,* Tex.Civ.App. (Corpus Christi), NRE, 502 S.W.2d 935. However, the trial court awarded a total of $7,000.00 attorneys' fees to CI, while CI only plead for $5,000.00 attorneys' fees. CI was limited to the amount of attorneys' fees plead for viz. $5,000.00. *Carpetland, Inc. v. Nixon,* Tex.Civ.App. (Beaumont),

NWH, 394 S.W.2d 269; *Kleiner v. Eubank,* Tex.Civ.App. (Austin), NRE, 358 S.W.2d 902. Points 19 through 21 are overruled. Points 20 and 22 are sustained. Point 23 asserts plaintiff committed reversible error in closing argument in informing the jury of the effect of its answer to Issue 1.

Plaintiff's attorney in closing argument stated to the jury: "Now Ladies and Gentlemen, the plaintiffs in this case, in order to prevail, you have to answer Special Issue No. 1, 'We do' ".

Defendant did not object to such argument and requested no instruction to the jury. Absent objection to the argument the matter was waived. *Turner v. Turner,* Tex., 385 S.W.2d 230. Point 23 is overruled.

The sustaining of points 20 and 22 requires the judgment be reformed to delete $300.00 in damages and $2,000.00 in attorneys' fees awarded to CI, (reducing the damages awarded to $150.00 and the attorneys' fees to $5,000.00). As reformed the judgment is affirmed.

Costs of appeal are assessed 85% against MHMC and 15% against CI.

REFORMED & AFFIRMED.