UNITED STATES FIDELITY AND
GUARANTY INSURANCE
COMPANY, Appellant,

v.

Sam WILLIAMS, Jr., Appellee.

No. 10–85–236–CV.

Court of Appeals of Texas,
Waco.

May 8, 1986.

Robert J. Hanley, Lisa H. Douglas, Sheehy, Lovelace & Mayfield, P.C., Waco, for appellant.

Guy D. Cox, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant insurance company from a judgment for plaintiff Williams in a worker's compensation case.

Plaintiff sued defendant insurance company for total and permanent disability sustained in the course of his employment by Kendrick Tire Company. It was stipulated by the parties that Plaintiff was injured April 14, 1983, while working at Kendrick Tire Company, in the course and scope of his employment.

Trial was to a jury which found:

1. The injury to Sam Williams, Jr., sustained on April 14, 1983, was a producing cause of some total incapacity.

1A. The beginning date of total incapacity was April 28, 1985.

1B. The duration of the total incapacity is permanent.

2. The payment of compensation in weekly installments instead of a lump sum would result in manifest hardship and injury to Sam Williams, Jr.

The trial court rendered judgment on the verdict for plaintiff for $53,270.

Defendant appeals on 6 points.

Point 1 asserts "the trial court erred in refusing to allow Defendant to amend its pleadings to conform to the evidence on partial incapacity".

■ Rule 63 of the Texas Rules of Civil Procedure provides that parties may amend their pleadings and file other pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided any amendment offered within 7 days of the date of trial shall be filed only after leave of the judge is obtained. The trial judge has broad discretion in deciding whether to grant a trial amendment of the pleadings, and the court's decision will not be set aside absent a clear showing of abuse of discretion. *Tuck v. Tuck,* CA (Austin) NRE, 509 S.W.2d 656, 658. Defendant filed only a general denial prior to

trial. When the charge was being prepared, Defendant requested the inclusion of an instruction on partial incapacity. This request was denied since Defendant had not plead partial incapacity. The following day, Defendant requested leave to "file a written motion for leave to file a trial amendment", and also requested an instruction on earning capacity. Both requests were denied.

■ Plaintiff filed his original petition on August 9, 1984. Defendant responded with a general denial in its original answer on August 28, 1984. The case came to trial on July 16, 1985. We hold the trial judge did not abuse his discretion by denying Defendant's request for a trial amendment after the close of the evidence. A trial court does not err in denying permission to file a trial amendment when the record shows a lack of diligence. *Sanchez v. Matthews,* CA (San Antonio) NRE, 636 S.W.2d 455, 460; *Schrader v. Artco Bell Corp.,* CCA (Tyler) NRE, 579 S.W.2d 534, 540; *see also Hardin v. Hardin,* S.Ct., 597 S.W.2d 347, 349–50. Moreover, we fail to find any harm which Defendant suffered as a result of the trial court's action. *King v. Atayde,* CCA (Corpus Christi) NRE, 428 S.W.2d 148, 151.

Point 1 is overruled.

Point 2 asserts "the trial court erred in refusing to submit to the jury Defendant's requested definitions on partial incapacity and earning capacity because such definitions were proper and would have aided the jury in rendering a verdict".

■ The defense of partial incapacity is an affirmative defense, and instructions relating to partial incapacity and earning capacity are necessary only when the defense of partial incapacity is affirmatively plead. *Select Ins. Co. v. Boucher,* S.Ct., 561 S.W.2d 474, 477. Defendant did not plead the defense of partial incapacity, but responded to Plaintiff's petition only by general denial. Thus, Defendant was not entitled to the submission of the definitions of partial incapacity and earning capacity.

*Id.* The trial court did not err in refusing to submit these definitions in the charge.

Point 2 is overruled.

Points 3 and 4 assert there is no evidence or factually insufficient evidence to support the jury finding that Plaintiff is totally and permanently incapacitated. Point 5 asserts the jury finding of total incapacity is against the great weight of the evidence.

In reviewing no evidence points, we must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Glover v. Texas Gen. Indemnity Co.*, S.Ct., 619 S.W.2d 400, 401; *Garza v. Alviar*, S.Ct., 395 S.W.2d 821, 823. In reviewing a "great weight" point, we must view the verdict in light of the entire record. *In re King's Estate*, S.Ct., 244 S.W.2d 660, 661.

Plaintiff is 58 years old; has worked as a tire changer since he was 18; has worked at Kendrick Tire Company for 25 years; was injured when a tire weighing 2500 or 2600 pounds, which was held up by a winch, slipped and threw Plaintiff down and then fell on top of him. Plaintiff testified that Mr. Wall, Plaintiff's employer, jacked the tire up and blocked it so that Plaintiff could get out from under it; that he was numb and hurting when he came out from under the tire; that he went to a doctor on Speight Street the next day and went back twice; that his back hurts continuously; that he went to Dr. Stockton who treated him for 6 or 8 months, put him in the hospital and ran tests; that he went back to work and took medicine but his back still hurt him; that he went to Dr. Lewin 3 or 4 times, and that he then went to Dr. Slade; that he went to work, but he still hurt; that the insurance company paid him no money and did not pay his doctors; that he had a myelogram and back surgery and was in the hospital 14 days; that he used a walker for awhile and was using a cane at time of trial; that he cannot do yard work or household chores; that his leg is numb across the hip part and he cannot lift anything; that as of the trial date he had received no benefits whatever; that since the surgery on his back he has numbness going down inside his leg to below the kneecap and numbness from his kneecap to his groin; that his back hurts and he cannot change a tire or a battery; that he is taking therapy; and that the insurance company had not paid him anything.

Dr. Slade testified that Plaintiff had a herniated or ruptured disc at 3 levels; that he performed a myelogram and a demihemilaminectomy on L 3–4, 4–5, and 2–3 bilateral (on both sides) with removal of herniated discs L 2–3, 3–4 and 4–5; that he has ordered postoperative lumbar lamininectomy therapy for Plaintiff; that in his opinion Plaintiff cannot change or service tires and he questions whether in the future Plaintiff would be able to do these things; that Plaintiff is totally incapacitated; that he is going to have a back problem for the rest of his life; that he would consider the operation successful if it lessened Plaintiff's back pain; that he would not recommend that Plaintiff go back to changing car tires like he was doing, but that he was unable to determine at that time whether Plaintiff would be able to change lighter-weight automobile tires, or whether he would be able to change car batteries; and that Plaintiff, in his judgment based on reasonable medical probability, "is totally disabled from doing the usual work of a workman", at the time of trial, but that he was unable to say whether Plaintiff would be totally disabled in the future. We hold that there is evidence and factually sufficient evidence to support the jury's finding that Plaintiff is totally and permanently incapacitated, and that this finding is not against the great weight of the evidence.

Points 3, 4 and 5 are overruled.

Point 6 asserts "the trial court erred in denying the Defendant's First Motion for Continuance".

The matter of granting a continuance rests within the sound discretion of the trial court and it will be presumed, absent a showing of an abuse of discretion, that the court properly exercised its discre-

tion. *Manufactured Housing Management Corp. v. Tubb,* CA (Waco) NRE, 643 S.W.2d 483, 486; *Hernandez v. Heldenfels,* S.Ct., 374 S.W.2d 196, 202; *Zamora v. Romero,* CCA (Corpus Christi) NRE, 581 S.W.2d 742, 745; *Lumberman's Mut. Cas. Co. v. Cummings,* CCA (Fort Worth) NRE, 618 S.W.2d 883, 885. Defendant sought a continuance on July 15, 1985, the day before trial, stating that "(a) delay will not be economically distressing to the Plaintiff because he will be receiving weekly compensation benefits during the period of time it requires for him to reach a plateau in his recovery". Prior to the date of trial, Plaintiff had received no payments from the Defendant insurance company, and had no income from other sources. It was stipulated that Plaintiff was injured on April 14, 1983, in the course and scope of his employment. The only issue at trial was whether Plaintiff was totally incapacitated, and if so, what the duration of the total incapacity would be. The trial court did not abuse its discretion in denying Defendant's request for a continuance.

Point 6 is overruled.

AFFIRMED.