NO. 07-02-0425-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 10, 2003



______________________________




IN THE INTEREST OF M.G.H., A CHILD


_________________________________


FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. L-2939; HONORABLE JAMES W. ANDERSON, JUDGE



_______________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


MEMORANDUM OPINION



 Following a jury trial, M.H. and D.H., natural parents of M.G.H., a child, had their parental
rights terminated, and the Texas Department of Protective and Regulatory Services (the
Department) was appointed permanent managing conservator of M.G.H. Presenting two points
of error, M.H. and D.H. challenge the trial court's order signed September 20, 2002, contending
(1) that because an order signed April 8, 2002, was a final order, the trial court erred in denying
their motion to dismiss and allowing the Department to seek termination of their parental rights
without filing a new petition under section 161.004 of the Texas Family Code; and (2) in the
absence of the filing of a new petition for termination of parental rights by the Department, the
trial court erred in denying their motion to determine admissibility of evidence and allowing the
Department to introduce evidence presented at a previous hearing in the suit for termination. (1) 
Based upon the rationale expressed herein, we affirm.

 In accordance with a permanency hearing order signed December 7, 2001, a non-jury
trial on the petition of the Department seeking termination of the parent-child relationship was
completed on March 28, 2002. Following the hearing, the trial court signed an order on April
8, 2002, designated as "Final Order In Suit Affecting the Parent-Child Relationship," which, as
requested by the trial court, was approved "as to form" by all trial counsel. As material here,
the April 8 order (2)


 recited it was a final order;
 included the provision stating that because the trial court did not find by
clear and convincing evidence that termination of parental rights of the
parents to be in the best interest of the child, "termination of parental
rights is denied."
 appointed the Department "Temporary Managing Conservator of the
child and that the return of the child by the Department be closely
monitored;
 ordered continuation of court-ordered ad litem or advocate until "further
order of this Court or final disposition of this suit;" and concluded
 IT IS ORDERED that all relief requested in this case and not expressly
granted is denied.



(Emphasis added). Also, on April 8, 2002, the trial court signed an order setting a permanency
hearing for July 15, 2002.

 On May 17, 2002, the Department filed its Motion to Modify Seeking Termination of the
Parent-Child Relationship by which it sought to modify the April 8 order. This motion was
replaced by the Department's First Amended Motion for Conservatorship and for Termination
filed on August 26, 2002. Based on jury findings, on September 20, 2002, the trial court signed
its order for termination, by which the parental rights of M.H. and D.H. were terminated. 

 By their first point of error, M.H. and D.H. contend that because the April 8 order was
a final order as to the issue of termination of parental rights, the trial court erred in denying their
motion to dismiss and allowing the Department to seek termination of parental rights pursuant
to section 161.004 of the Texas Family Code without filing a new petition under that section. 
Although counsel's suggestion that the question may constitute a case of first impression may
be correct, we disagree with the contention.

 The Family Code recognizes a variety of orders. For example, section 262.1015(b)
authorizes a temporary restraining order; section 262.102 recognizes an emergency order;
section 262.204 provides a temporary order is valid and enforceable until superseded. Also
a final order appointing the Department as managing conservator without terminating parental
rights is recognized by section 263.404. However, in the context of Rule 301 of the Texas
Rules of Civil Procedure, which provides there may be only one final judgment in a suit, and
the Texas Rules of Appellate Procedure, M.H. and D.H. do not cite us to any statutory or case
authority defining a final order or interlocutory order. 

 Because neither the Family Code nor Texas Rules of Civil Procedure require that a final
judgment be in a particular form, whether a judicial decree is a final judgment "must be
determined from its language and the record in the case." Lehmann Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001). In Lehmann, the Court observed that determining whether a
judgment is final has proved elusive. Id. Since Lehmann, an order or judgment is not final for
purposes of appeal unless it actually disposes of every pending claim and party or unless it
clearly and unequivocally states it finally disposes of all claims and all parties. Id. at 200. 
Further, as noted in Lehmann, an order does not dispose of all claims and all parties merely
because it is entitled "final" or because the word "final" appears elsewhere in the order. . . . 
Rather, there must be some other clear indication that the trial court intended the order to
completely dispose of the entire case. Id.

 After Lehmann, the inclusion of a Mother Hubbard clause, i.e. "all relief not granted is
denied," does not render an order final. See id., 39 S.W.3d at 203. In order to determine
whether an order disposes of all claims and parties, it may be necessary to review the record
in the case. Id. at 205-06. At the hearing on pretrial motions, the trial court announced the
April 8 order was

 a temporary order for the monitored return of the child to the parents. No final
order has been entered in this case.

 

Considering this announcement by the trial court, and that the April 8 order appointed the
Department temporary managing conservator, continued the appointments of the attorneys ad
litem until final disposition of the suit, and demonstrated multiple claims existed, i.e., termination
of parental rights and temporary and permanent conservatorship of the child, we conclude the
order was not a final order, notwithstanding the fact the word "final" appears in the title of the
order.

 Moreover, under Rule 94 of the Texas Rules of Civil Procedure, res judicata is an
affirmative defense. Also, under Rules 90 and 91 defects in pleadings must be raised by
objection or special exception. However, the failure of the parents to plead the affirmative
defense of res judicata or present any objections or exceptions to the amended motion
constitutes a waiver of the contentions. See Green v. Doakes, 593 S.W.2d 762, 763
(Tex.Civ.App.--Houston [1st Dist.] 1979, no writ); Manufacturing Housing Management v. Tubb,
643 S.W.2d 483, 487 (Tex.Civ.App.-Waco 1982, writ ref'd n.r.e.).

 We have not overlooked the argument that the filing of a new petition by the Department
was essential under section 161.004; however, because the parents appeared and participated
in person and by counsel in the jury trial, we need not decide the question. See Tex. R. Civ.
P. 120; see also In Re A.L.H.C., 49 S.W.3d 911, 916 (Tex.App.--Dallas 2001, pet. denied)
(holding a person's appearance in open court on a pending matter has the same force and
effect as if citation had been duly issued and served). Point of error one is overruled.

 By their second point, M.H. and D.H. contend that because the Department did not file
a new petition for termination of parental rights, the trial court erred in denying the motion of
M.H. to determine admissibility of evidence and allowing the Department to introduce evidence
presented at a previous hearing in the suit for termination. We disagree.

 By their argument, M.H. and D.H. contend the court erroneously allowed the Department
to introduce evidence previously presented at the non-jury hearing in April at the jury trial in
September. Here, however, the reporter's record does not contain the record of the evidence
presented at the non-jury hearing. Also, M.H. and D.H. have not referenced the evidence
presented either in their brief or by bill of exception under Rule 33.2 of the Texas Rules of
Appellate Procedure. Accordingly, because the record does not show what evidence M.H. and
D.H. contend was introduced at both hearings, error, if any, has not been preserved for review. 
See Tex. R. App. P. 33.1(a). Point of error two is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

 



 

 







1. M.H. and D.H. do not question the legal or factual sufficiency of the evidence to support
the jury findings supporting the order of termination of their parental rights.
2. The order recites the trial court did find that M.H. and D.H. had engaged in conduct that
endangered the physical or emotional well-being of the child. 


ed="false" Priority="62" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Grid Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0393-CR 

NO. 07-09-0394-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



SEPTEMBER
2, 2010

 



 

THOMAS ROCHA,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NOS. 2005-410,922 AND 2008-421,973;

 

 HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Thomas Rocha
was convicted of possession of cocaine with intent to deliver in an amount of
four grams but less than 200 grams.  That
conviction was also used to revoke appellants probation with respect to a
prior offense.[1]  He challenges both judgments by contending
the trial court erred in failing to grant his motion to suppress.  We affirm the judgments. 

            Background

            On November 15, 2008, Trooper Von
Aven was driving on Highway 84 east of Slaton, Texas, when she observed
appellants vehicle traveling in the opposite direction at a speed that she
believed was over the limit.  She turned
on her radar and, after determining that appellants speed was 76 m.p.h., made
a traffic stop.  The speed limit was 70 m.p.h.


            Appellant
was driving the vehicle and his wife was a passenger.  Aven had decided to only give appellant a
warning and asked him for his license. 
In doing so, she observed that he was visibly nervous with shaking
hands.  He told her he was going to
Snyder.  Aven also smelled detergent in
the vehicle which she had been trained to know is sometimes used to mask the
smell of narcotics.  

The trooper returned to her unit and checked
whether there were any outstanding warrants issued against appellant and found
none.  However, her separate attempt to
determine, via computer, if appellant had prior arrests or convictions revealed
a conviction for his manufacturing and delivering a controlled substance.  This resulted in appellant being asked to accompany
the trooper to her vehicle.  When asked again
about his destination, he replied, PoSnyder.[2]  He also indicated that he had prior arrests but
purportedly was evasive about the nature of the offenses involved.   The
trooper then asked him if he was carrying any drugs in the vehicle and for
consent to search it.  He denied the
former and granted the latter.  Moreover,
this occurred before the trooper issued the warning citation.  

The ensuing search yielded two packages of
cocaine.  They were found in a jacket lying
on the back seat of the vehicle.     

Standard of Review
and Applicable Law 

            We review
the trial courts ruling on a motion to suppress under the standard discussed
in Ford v. State, 158 S.W.3d 488
(Tex. Crim. App. 2005).  In doing so, we
defer to the trial courts resolution of historical fact but review de novo its interpretation of the
law.  Id.
at 493.

            A detention
is reasonable if it is confined in length and scope to those actions that are
necessary to fulfill the purpose of the traffic stop.  Kothe
v. State, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004).  In a routine traffic stop, an officer may
request information from a driver such as his license, car registration, and
the purpose and destination of the trip. 
Strauss v. State, 121 S.W.3d
486, 491 (Tex. App.Amarillo 2003, pet. refd). 
The officer may also check the drivers criminal background.  See Caraway
v. State, 255 S.W.3d 302, 308 (Tex. App.Eastland 2008, no pet.).  No
particular sequence is required with respect to these matters.  Kothe
v. State, 152 S.W.3d at 66; see also
Parker v. State, 297 S.W.3d 803, 809-10 (Tex. App.Eastland 2009, pet.
refd) (stating that an officer is not required to initiate a background search
before asking questions of the driver). Moreover, once the purpose of the
traffic stop has been effectuated, the officer may still ask if the occupants
possess illegal contraband and solicit consent to search. Strauss v. State, 121 S.W.3d at 491.  However, if consent is
denied, the detention must cease unless information learned by the officer
during the course of the traffic stop provides the officer with reasonable
suspicion that another offense has been or is being committed.  Sieffert
v. State, 290 S.W.3d 478, 483 (Tex. App.Amarillo 2009, no pet.).  

            Application of the Law

            The original
detention is not challenged on appeal. 
However, appellant argues that his continued detention without
reasonable suspicion was improper.  Yet, concluding
that the entire detention remained within the parameters of a legitimate traffic
stop falls within the zone of reasonable disagreement.  

            Again, the
trooper initially asked questions about appellants destination and solicited
his identification.  So too was she
entitled to check for outstanding warrants and his criminal history.  That an officer may invite someone stopped
for violating a traffic law to sit in her squad car goes unchallenged
here.  And, the troopers soliciting
consent to search also is a permissible aspect of the traffic stop.  Most importantly, no one contends that the
amount of time that lapsed between the initial stop and appellants grant of
consent to search was unreasonable or otherwise exceeded the amount of time attendant
a normal traffic stop.[3]  According to the State, that period
approximated only five minutes.  

            

The trial courts decision to deny the
motion to suppress did not evince an instance of abused discretion.  Consequently, we overrule appellants issue
and affirm the judgments. 

                                                                                                

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Do not publish.

                        

 

 

            

                        

  








 











[1]The
new offense was the only violation used for purposes of the revocation of
appellants probation.  





[2]Post
is on the road to Snyder.  After his
arrest, appellant admitted that he was delivering the drugs to Post. 





[3]The
amount of time that lapsed appeared to be highly critical in United States v. Jones, 234 F.3d 234
(5th Cir. 2000) (wherein the court concluded that appellants consent was not
legitimately obtained).  It is
conceivable that delaying the issuance of a traffic ticket to conduct a fishing
expedition could be deemed an unreasonable detention.  Yet, that is not something we need address
here for the circumstances and argument do not require us to do so.