NO. 07-02-0425-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 10, 2003

_____

IN THE INTEREST OF M.G.H., A CHILD

_____

FROM THE COUNTY COURT AT LAW  OF RANDALL COUNTY;

NO. L-2939; HONORABLE JAMES W. ANDERSON, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a jury trial, M.H. and D.H., natural parents of M.G.H., a child, had their parental rights terminated, and the Texas Department of Protective and Regulatory Services (the Department) was appointed permanent managing conservator of M.G.H. Presenting two points of error, M.H. and D.H. challenge the trial court's order signed September 20, 2002, contending (1) that because an order signed April 8, 2002, was a final order, the trial court erred in denying their motion to dismiss and allowing the Department to seek termination of their parental rights

without filing a new petition under section 161.004 of the Texas Family Code; and (2) in the absence of the filing of a new petition for termination of parental rights by the Department, the trial court erred in denying their motion to determine admissibility of evidence and allowing the Department to introduce evidence presented at a previous hearing in the suit for termination.[1] Based upon the rationale expressed herein, we affirm.

In accordance with a permanency hearing order signed December 7, 2001, a non-jury trial on the petition of the Department seeking termination of the parent-child relationship was completed on March 28, 2002. Following the hearing, the trial court signed an order on April 8, 2002, designated as "Final Order In Suit Affecting the Parent-Child Relationship," which, as requested by the trial court, was approved "as to form" by all trial counsel. As material here, the April 8 order [2]

- recited it was a final order;
- included the provision stating that because the trial court did not find by clear and convincing evidence that termination of parental rights of the parents to be in the best interest of the child, "termination of parental rights is denied."
- appointed the Department "*Temporary* Managing Conservator of the child and that the return of the child by the Department be closely monitored;
- ordered continuation of court-ordered ad litem or advocate until "further order of this Court or *final* disposition of this suit;" and concluded

---

[1]M.H. and D.H. do not question the legal or factual sufficiency of the evidence to support the jury findings supporting the order of termination of their parental rights.

[2]The order recites the trial court did find that M.H. and D.H. had engaged in conduct that endangered the physical or emotional well-being of the child.

• IT IS ORDERED that all relief requested in this case and not expressly granted is denied.

(Emphasis added). Also, on April 8, 2002, the trial court signed an order setting a permanency hearing for July 15, 2002.

On May 17, 2002, the Department filed its Motion to Modify Seeking Termination of the Parent-Child Relationship by which it sought to modify the April 8 order. This motion was replaced by the Department's First Amended Motion for Conservatorship and for Termination filed on August 26, 2002. Based on jury findings, on September 20, 2002, the trial court signed its order for termination, by which the parental rights of M.H. and D.H. were terminated.

By their first point of error, M.H. and D.H. contend that because the April 8 order was a final order as to the issue of termination of parental rights, the trial court erred in denying their motion to dismiss and allowing the Department to seek termination of parental rights pursuant to section 161.004 of the Texas Family Code without filing a new petition under that section. Although counsel's suggestion that the question may constitute a case of first impression may be correct, we disagree with the contention.

The Family Code recognizes a variety of orders. For example, section 262.1015(b) authorizes a temporary restraining order; section 262.102 recognizes an emergency order; section 262.204 provides a temporary order is valid and enforceable until superseded. Also a final order appointing the Department as managing conservator without terminating parental rights is recognized by section 263.404. However, in the context of Rule 301 of the Texas

3

Rules of Civil Procedure, which provides there may be only one final judgment in a suit, and the Texas Rules of Appellate Procedure, M.H. and D.H. do not cite us to any statutory or case authority defining a final order or interlocutory order.

Because neither the Family Code nor Texas Rules of Civil Procedure require that a final judgment be in a particular form, whether a judicial decree is a final judgment "must be determined from its language and the record in the case." Lehmann Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). In *Lehmann*, the Court observed that determining whether a judgment is final has proved elusive. *Id.* Since *Lehmann*, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states it finally disposes of all claims and all parties. *Id.* at 200. Further, as noted in *Lehmann*, an order does not dispose of all claims and all parties merely because it is entitled "final" or because the word "final" appears elsewhere in the order. . . . Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case. *Id.*

After *Lehmann*, the inclusion of a Mother Hubbard clause, *i.e.* "all relief not granted is denied," does not render an order final. *See id.*, 39 S.W.3d at 203. In order to determine whether an order disposes of all claims and parties, it may be necessary to review the record in the case. *Id.* at 205-06. At the hearing on pretrial motions, the trial court announced the April 8 order was

4

a temporary order for the monitored return of the child to the parents. No final order has been entered in this case.

Considering this announcement by the trial court, and that the April 8 order appointed the Department temporary managing conservator, continued the appointments of the attorneys ad litem until final disposition of the suit, and demonstrated multiple claims existed, *i.e.*, termination of parental rights and temporary and permanent conservatorship of the child, we conclude the order was not a final order, notwithstanding the fact the word "final" appears in the title of the order.

Moreover, under Rule 94 of the Texas Rules of Civil Procedure, res judicata is an affirmative defense. Also, under Rules 90 and 91 defects in pleadings must be raised by objection or special exception. However, the failure of the parents to plead the affirmative defense of res judicata or present any objections or exceptions to the amended motion constitutes a waiver of the contentions. *See* Green v. Doakes, 593 S.W.2d 762, 763 (Tex.Civ.App.--Houston [1st Dist.] 1979, no writ); Manufacturing Housing Management v. Tubb, 643 S.W.2d 483, 487 (Tex.Civ.App.–Waco 1982, writ ref'd n.r.e.).

We have not overlooked the argument that the filing of a new petition by the Department was essential under section 161.004; however, because the parents appeared and participated in person and by counsel in the jury trial, we need not decide the question. *See* Tex. R. Civ. P. 120; *see also* In Re A.L.H.C., 49 S.W.3d 911, 916 (Tex.App.--Dallas 2001, pet. denied)

(holding a person's appearance in open court on a pending matter has the same force and effect as if citation had been duly issued and served). Point of error one is overruled.

By their second point, M.H. and D.H. contend that because the Department did not file a new petition for termination of parental rights, the trial court erred in denying the motion of M.H. to determine admissibility of evidence and allowing the Department to introduce evidence presented at a previous hearing in the suit for termination. We disagree.

By their argument, M.H. and D.H. contend the court erroneously allowed the Department to introduce evidence previously presented at the non-jury hearing in April at the jury trial in September. Here, however, the reporter's record does not contain the record of the evidence presented at the non-jury hearing. Also, M.H. and D.H. have not referenced the evidence presented either in their brief or by bill of exception under Rule 33.2 of the Texas Rules of Appellate Procedure. Accordingly, because the record does not show what evidence M.H. and D.H. contend was introduced at both hearings, error, if any, has not been preserved for review. *See* Tex. R. App. P. 33.1(a). Point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

6