Dorothy Patricia **LOVE**, minor, Appellant,

v.

B. L. **GRIZZAFFI**, Appellee.

No. 4676.

Court of Civil Appeals of Texas.

Waco.

Dec. 28, 1967.

Rehearing Denied Jan. 18, 1968.

John M. Gillis, Dallas, for appellant.

Thompson, Coe, Cousins & Irons, William E. Fullingim, Dallas, for appellee.

OPINION

WILSON, Justice.

Defendant appeals from a judgment in a non-jury trial for damages to plaintiff's building into which defendant drove her car. The court found as facts that the damage was proximately caused by defendant's negligence in driving at an excessive rate of speed, in failing to make timely application of her brakes, and in stepping on the accelerator instead of the brake.

Defendant argues the court erred in overruling her motion for continuance, alleging absence of a witness.

■ The motion does not conform to the requisites of Rule 252, Texas Rules of Civil Procedure: It does not state the diligence used to procure the testimony of the witness, but alleges only "inability to obtain depositions." It does not show materiality or state what defendant expected to prove by him, averring only the conclusion, "that it will show an intervening cause." It does not state the name or residence of the absent witness. It is doubtful that it may be said the defendant made an affidavit as the rule prescribes.

It was not an abuse of discretion to overrule the motion in such form. Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856; Cole v. Waite, 151 Tex. 175, 246 S.W.2d 849; Jim Sanders Ford Co. v. Ontiveros, Tex.Civ.App., 389 S.W.2d 614; Panhandle Broadcasting Co. v. Cercy, Tex. Civ.App., 363 S.W.2d 792; Major v. Lord, Tex.Civ.App., 357 S.W.2d 820, writ ref., n. r. e.

■ Because the evidence shows defendant stepped on the accelerator rather than brake pedal (and since this conduct is not specifically pleaded), defendant says there is no evidence she failed to apply her brakes. In our opinion evidence that she applied her foot to the accelerator and not the brakes, after which she ran into a brick building causing $600 damages, is evidence she failed

to apply, or make timely application of the brakes. The contention is rejected.

■ Complaint is made of admission of testimony of the investigating officer that defendant told him she "got her foot on the accelerator instead of the brake," hitting the building as she prepared to park. The objection urged is that it is hearsay. It was an admission, and the objection was properly overruled. II McCormick & Ray, Texas Law of Evidence (1956) Sec. 1122, p. 20.

Appellant has a point that the court erred in failing to tax guardian ad litem fees against appellee. There is no record to sustain the point. All points have been considered and are overruled.

Affirmed.