William Ray GREEN

v.

The STATE of Texas.

No. 1214.

Court of Civil Appeals of Texas, Tyler.

Sept. 27, 1979.

Tom S. McCorkle, Dallas, Waggoner Carr, Carr & Harsdorff, Inc., Austin, for appellant.

Linda A. Marchesseau, Davis Grant, State Bar of Texas, Austin, for appellee.

MOORE, Justice.

The State of Texas instituted this action, acting through the Grievance Committee, District No. 2–C, of the State Bar of Texas, against William Ray Green, a practicing attorney, seeking a judgment of disbarment. The State alleged that Green had committed certain acts and conduct in violation of section 8, Code of Professional Responsibility, Disciplinary Rules, DR1–102(A)(3–6). Specifically, the State alleged: (1) that on or about January 18, 1977, Green engaged in an act of deviate sexual intercourse with Mark Edmund Webb by placing his mouth on the genitals of Mark Edmund Webb in Mr. Peeper's Bookstore, a public place, in violation of section 21.07 of the Penal Code of Texas; (2) that immediately following the act of deviate sexual intercourse, Green was arrested and taken into custody and thereafter escaped police custody in violation of section 38.07 of the Penal Code of Texas; and (3) that while testifying in his own behalf in a criminal case, styled the *State of Texas v. Bill Green* Cause No. 161,963 and while under oath, made false, material statements with the intent to deceive and with the knowledge of the falsity of such statements in violation of section 37.02 of the Texas Penal Code entitled "Perjury," and section 37.03 of the Texas Penal Code entitled "Aggravated Perjury."

Trial was before the court and jury. At the conclusion of the evidence, the State made a motion for instructed verdict or that the court withdraw the case from the jury, contending that the evidence, as a matter of law, established that Green engaged in illegal conduct involving moral turpitude, conduct prejudicial to the administration of justice, and conduct that adversely reflected upon his fitness to practice

law, all of which violated the Code of Professional Responsibility. In response to the motion, the trial court withdrew the case from the jury and entered judgment disbarring Green from practicing law in this State from and after February 15, 1978. From said judgment defendant perfected this appeal.

Defendant did not appear at the trial or offer any evidence in his behalf except character witnesses. Moreover, he makes no contention on this appeal that the trial court's ruling is not supported by the evidence.

The record reveals that the State called witnesses who testified with regard to defendant's conduct on January 18, 1977, while in Mr. Peeper's Bookstore in Austin, Texas, as well as his conduct at the time of his arrest and escape from custody. Because defendant has not challenged the judgment as being without support in the evidence, it would serve no useful purpose to discuss the testimony of more than 500 pages offered by the State. We have carefully reviewed all of the testimony in the record and find that there is ample evidence to support each of the allegations of misconduct as delineated in the State's pleadings.

Under his first point of error, defendant seeks a reversal on the ground that the trial court erred in withdrawing the case from the jury and rendering judgment against him because a fact issue existed for determination by the jury. He argues that the State, by offering a portion of his deposition testimony, created an issue for the jury of whether he committed an act of deviate sexual intercourse as alleged by the State under its first count. In our view the contention is without merit.

In connection with this point, the record shows that shortly before the present trial commenced, the State took the defendant's deposition. In the course of his deposition, the State questioned him about certain testimony he had given in a criminal case, styled *The State of Texas v. Bill Green*, in which he was charged with committing an act of deviate sexual intercourse. In the

course of the deposition, he was asked whether he testified in that case that the act did not occur. He answered that he testified in the criminal case that the act did not occur. During the present trial, the State offered the foregoing deposition testimony into evidence, but before offering it, counsel for the State advised the court that such evidence was being offered for the limited purpose of showing an admission against interest. There being no objection, the testimony was admitted into evidence. It is this deposition testimony that defendant contends raises a jury question of whether he committed an act of public lewdness. In reply to defendant's contention, the State states that the deposition testimony in question fails to raise a jury issue; therefore the trial court was authorized to withdraw the case from the jury and render judgment.

■ As a general rule, documentary evidence is held to be conclusive against the party introducing it. *Southwestern Chemical & Gas Corp. v. Southeastern Pipe Line Corp.*, 369 S.W.2d 489, 493 (Tex.Civ.App.—Houston 1963, no writ). This rule, however, is subject to several exceptions. One such exception is that the rule does not apply when the document is introduced for a limited purpose. *Jenkins v. Tanner*, 166 S.W.2d 167, 168–69 (Tex.Civ.App.—Amarillo 1942, no writ), citing, *Masterson v. Bouldin*, 151 S.W.2d 301, 307–08 (Tex.Civ.App.—Eastland 1941, writ ref'd).

■ The State offered the deposition testimony in question in support of its perjury counts. The State takes the position that proof of the defendant's sworn denial of an act of public lewdness in his previous criminal case was an essential element of its counts for perjury, and the admission in his deposition that he had previously testified in court that no such act occurred was offered in support of the perjury counts. In view of the State's announcement that the deposition testimony in question was being offered as "an admission against the interest, and for that limited purpose," the deposition testimony in question cannot be construed as raising an issue upon the pub-

lic lewdness count. Consequently, the general rule announced above does not apply. Further, whether the deposition testimony in question was offered for a limited purpose or not, we do not believe that evidence merely showing that the defendant denied an act of public lewdness while testifying in his previous criminal trial would be of sufficient probative force to raise a question of fact on that issue in the present case. Thus, we conclude that the deposition testimony in question did not serve to create a fact issue; therefore, the trial court was authorized to withdraw the case from the jury and render judgment against the defendant.

In his second point of error defendant seeks a reversal on the ground that the trial court erred in refusing to grant his motion for continuance.

The record reveals that just before the jury was selected, counsel for the defendant orally moved for continuance predicated on defendant's illness. In support of the motion, his counsel called Dr. Lee Roy Mathis, defendant's family physician. Dr. Mathis testified that defendant contacted him on the day before the trial commenced, complaining of nausea, abdominal discomfort, cramps, and diarrhea. Dr. Mathis testified that he put him in the hospital for the purpose of giving him medication and performing some diagnostic studies. Although the doctor testified that he believed that defendant should be hospitalized for about a week, he also testified that defendant did not have a fever; he had not vomited or had diarrhea that the doctor was aware of; none of defendant's tests showed any organic problems, and there was nothing objective that showed he had any basic problem. When asked if being put to trial would likely endanger Green's health to any degree, the doctor testified, "At this time, I don't believe that it is likely to endanger his health." He further testified that Green "could carry on with this trial." The foregoing testimony was the only evidence offered to support the motion. There is nothing in the record to show that defendant's testimony could not have been made available by the taking of his deposition, nor is there anything showing to what he would have testified had he been present at the trial.

In 12 Tex.Jur.2d Continuance secs. 19–20, at 565–68 (1960), is a discussion and citations of authorities pertaining to continuances sought on the ground of absence of a party to the litigation. A motion for such a continuance is addressed largely to the discretion of the trial court. Mere absence of the party is not enough to entitle him to a continuance. It must be shown both that the absent party had a reasonable excuse for not being present, and that his absence resulted to his prejudice. A reasonable excuse for the absence will not require a reversal where no prejudice is shown. A continuance may properly be denied if the motion therefor fails to show that by the exercise of reasonable diligence the party's testimony could not have been made available by taking his deposition. The testimony of the absent party must be material and must be admissible under the pleadings. *Erback v. Donald,* 170 S.W.2d 289, 291–92 (Tex.Civ.App.—Fort Worth 1943, writ ref'd w. o. m.).

Basically, the testimony of Dr. Mathis offered in support of the motion for continuance amounts to nothing more than self-serving declarations of the defendant. The doctor merely testified as to the subjective complaints made by the defendant. He testified that he could find no objective symptoms to substantiate such complaints. Moreover, the doctors testified that Green was able to attend the trial without injury to his health. Consequently, we do not believe that the defendant discharged his burden of showing a reasonable excuse for not attending the trial. In addition to this, there is nothing to show that his testimony could not have been taken by deposition. Because there was no proof that he was seriously ill, the exercise of reasonable diligence would require a showing of some effort to take his deposition during the trial.

It is well settled that the trial court's discretionary power to grant or deny

a motion for continuance will not be disturbed on appeal unless the record shows an abuse of discretion. *Hernandez v. Heldenfels,* 374 S.W.2d 196, 202 (Tex.1963); *Linton v. Jones,* 462 S.W.2d 636, 637–38 (Tex.Civ. App.—Tyler 1971, no writ). In our view the record fails to reflect an abuse of discretion.

By his third and final point of error, defendant urges that the trial court had no jurisdiction to hear the case, because the preliminary hearing conducted by the District 2–C Grievance Committee, at which the determination was made to institute the present suit against defendant, was not conducted in accordance with the provisions of the Texas Administrative Procedure and Register Act. Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Vernon Supp.1978). We find no merit in this contention. The Texas Administrative Procedure and Register Act mandates certain procedural rules to be followed by various state agencies. In sec. 3(1) of the Act, "agency" is defined as:

".  .  . [a]ny state board, commission, department, or officer having statewide jurisdiction, other than an agency wholly financed by federal funds, the legislature, the courts, the Industrial Accident Board, and institutions of higher education, that makes rules or determines contested cases."

The question is whether a grievance committee of the State Bar Association falls within the foregoing definition of an "agency" so as to be subject to the provisions of the Act. This identical question was decided in the case of *Wilson v. State,* 582 S.W.2d 484, 486 (Tex.Civ.App.—Beaumont 1979, no writ). In that case, the court squarely held that because a grievance committee does not have state wide jurisdiction, promulgates no rules, and does not decide "contested cases," a grievance committee of the State Bar Association is not subject to the terms of the Act. On the basis of the holding in that case, defendant's third point of error is overruled.

The judgment of the trial court is affirmed.