**Shirley Ann DURSTON, Guardian of the Estate of James Dale Durston, II, a Minor, Appellant,**

v.

**BEST WESTERN MOTEL, et al., Appellees.**

**No. 10–85–125–CV.**

Court of Appeals of Texas, Waco.

Aug. 15, 1985.

Joe Alfred Izen, Jr., Houston, for appellant.

Donald K. King, Cantey, Hanger, Gooch, Mum & Collins, Ft. Worth, Roy L. Barrett, Naman, Howell, Smith, & Lee, P.C., Beverly Willis Bracken, Naman, Howell, Smith & Lee, P.C., James E. Wren, Haley & Davis, P.C., Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Shirley Ann Durston from a take-nothing judgment in a

personal injury case. Plaintiff, on behalf of her minor child, sued defendants Best Western Motel, P.A. Webb, M.D., and Hillcrest Baptist Hospital for negligence in causing and treating the injury suffered by plaintiff's son, James Dale Durston, II. Defendants Webb and Hillcrest moved for an instructed verdict at the close of plaintiff's evidence, which the trial court granted. After the jury returned their verdict, the court rendered judgment for defendant Best Western that plaintiff take nothing.

Plaintiff filed this case October 18, 1983, in Hill County, Texas, on behalf of her minor son. Her petition alleged that Best Western was negligent in the manner in which it maintained its bathroom floor in the motel room which plaintiff rented, causing her son to fall and break his leg. Plaintiff also alleged that Dr. Webb and Hillcrest Baptist Hospital were negligent in the treatment of her son's injury. All three defendants filed motions to transfer venue.

Afton Jane Izen, sister of plaintiff's counsel, represented plaintiff at the hearing on the motion to transfer venue. On April 18, 1984, the trial court ordered the cause transferred to McLennan County, Texas.

Nearly six months after the case was transferred, Hillcrest requested the case be set for trial, and secured a trial setting for December 3, 1984, with an alternative setting for December 17, 1984. On October 11, 1984, notice was sent to all parties by certified mail. Plaintiff's counsel received this notice on October 15, 1984, six weeks prior to the date the case was set for trial.

On December 3, 1984, the trial judge granted a postponement due to plaintiff's counsel having a heavy trial schedule, but set the case for trial on the alternate December 17 setting, rather than on February 18, as plaintiff had requested. Plaintiff filed a second motion for continuance on December 5, 1984, again requesting a trial setting on February 18, 1985. A third motion for continuance was filed on December 12, 1984, and a hearing on this motion was held on December 14, 1984. Afton Jane

Izen represented plaintiff at this hearing. The trial judge denied the motion for continuance, but postponed the trial from December 17 to December 19. On December 19, 1984, plaintiff filed an unsworn "Motion to Put Trial on Hold". The case went to trial on December 19, 1984, with Afton Jane Izen representing plaintiff, due to the absence of Joe Alfred Izen, Jr. (plaintiff's counsel of record) from the State. At the close of plaintiff's evidence, the trial court granted an instructed verdict for defendants Webb and Hillcrest. Defendant Best Western presented evidence, and after the jury returned its verdict, the court rendered judgment that plaintiff take nothing. On January 21, 1985, plaintiff filed a motion for new trial. Plaintiff appealed by filing a cost bond and a transcript, but no statement of facts has been filed.

Plaintiff appeals on 2 points.

Point 1 asserts: "The trial court abused its discretion in denying [plaintiff's] second and third Motions for Continuance based on absence of counsel due to unavoidable trial conflict".

■ "Absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, *except it be allowed in the discretion of the Court,* upon cause shown or upon matters within the knowledge or information of the judge to be stated in the record." TRCP 253. The matter of granting a continuance rests within the sound discretion of the trial court and it will be presumed, absent a showing of an abuse of discretion, that the court properly exercised its discretion. *Manufactured Housing Management Corp. v. Tubb,* CA (Waco) NRE, 643 S.W.2d 483; *Hernandez v. Heldenfels,* S.Ct., 374 S.W.2d 196; *Zamora v. Romero,* CCA (Corpus Christi) NRE, 581 S.W.2d 742; *Lumberman's Mut. Cas. Co. v. Cummings,* CCA (Fort Worth) NRE, 618 S.W.2d 883.

■ In absence of a statement of facts, it must be presumed on appeal that sufficient evidence was introduced to support the findings and judgment of the trial

court. *Englander v. Kennedy*, S.Ct., 428 S.W.2d 806; *Southern Poultry Processing, Inc. v. Plantation Food,* CA (Waco) NWH, 638 S.W.2d 256, 257; *Ehrhardt v. Ehrhardt,* CCA (Waco) writ ref'd, 368 S.W.2d 37. Since no statement of facts was filed, it must be presumed that there was no abuse of discretion in the trial court's denial of plaintiff's motions for continuance. Furthermore, trial was held and plaintiff was ably represented by counsel at the trial, although it was not Joe Albert Izen, Jr., but was his sister, Afton Jane Izen, who also is a licensed attorney, and had previously represented plaintiff at two other hearings in this case. No abuse of discretion has been shown.

Point 1 is overruled.

Point 2 asserts: "The sworn allegations contained in [plaintiff's] second motion for continuance were not controverted by appellees, therefore the continuance should have been granted".

■ In ruling on a motion for continuance, the court must look at the entire record, not only the sworn allegations set forth in the motion for continuance. *Fritsch v. J.M. English Truck Line,* S.Ct., 151 Tex. 168, 246 S.W.2d 856. The Supreme Court has stated that a continuance need not be granted on first motion "merely because it is in statutory form and is not controverted by affidavit of the opposite party". *Id.* This is true not only for first motions for continuance, but for all subsequent motions as well. There is no merit to plaintiff's claim that his motion for continuance should have been granted merely because it was not controverted.

Point 2 is overruled.

AFFIRMED.