**Pat GREGG, Appellant,**

v.

**Linda M. CECIL, M.D., Appellee.**

**No. 09–92–022 CV.**

Court of Appeals of Texas,
Beaumont.

Dec. 10, 1992.

David K. Anderson, Anderson & Associates, Houston, for appellant.

John S. Serpe, McFall & Sartwelle, P.C., Richard A. Sheehy, McFall & Sartwelle, P.C., Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

Appellant, Gregg, filed this action on November 2, 1989, against appellee, Cecil, for damages allegedly sustained as a result of medical treatment rendered to Gregg by Cecil on or about November 2, 1987. On September 11, 1991, Cecil filed a motion for summary judgment supported by affidavits by William Powell, M.D. and Linda Cecil, M.D. Gregg received the motion on September 12, 1991, accompanied by notice of hearing on the summary judgment for October 3, 1991, giving him more than 21 days notice in accordance with TEX.R.CIV.P. 166a. On September 24, 1991, Gregg filed a motion for continuance alleging insufficient time to answer appellee's motion for summary judgment. For grounds Gregg averred the following:

> Over the past several months, Ms. Gregg and her counsel had been consulting with a doctor about the issues in this case. Ms. Gregg anticipated designating him as a testifying expert once he had reviewed the records and authorities sufficiently to formulate an opinion. Unfortunately, that doctor has been diagnosed with a serious illness, and he is no longer available to confer with the plaintiff and her counsel about this case. [footnote omitted] During the past month Ms. Gregg's counsel has spoken with other doctors/consultants about the issues in this case; however, he has simply not had enough time to obtain reasoned and informed opinions from any of them. Gregg's counsel is currently consulting a doctor and medical school professor about the issues in this case.

These facts are verified by Pat Gregg's affidavit attached to that motion for continuance.

Gregg did not challenge the motion for summary judgment, and on October 3, 1991, the trial court granted Cecil's motion

for summary judgment in the absence of controverting evidence.

■ Appellant brings one point of error before this Court in alleging that the trial court erred by denying plaintiff's motion for continuance. Appellant alleges that the trial court abused its discretion when it denied Ms. Gregg's motion for continuance, the test being whether the trial court acted without reference to any guiding principles or whether it acted arbitrarily or unreasonably. *See Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex.1986). It is settled law that the trial court's decision to grant or deny a motion for continuance rests within the discretion of the trial judge. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). *See Draper v. Garcia*, 793 S.W.2d 296 (Tex.App.—Houston [14th Dist.] 1990, no writ).

■ In ruling on a motion for a continuance the Court must look at the entire record in the case and not just the sworn allegations set forth in the motion for continuance. *See Durston v. Best Western Motel*, 695 S.W.2d 795, 797 (Tex.App.—Waco 1985, no writ). In the case before us we note that the date of the incident giving rise to the action in the trial court occurred almost four years prior to summary judgment being granted. We note at the outset that this motion for continuance was appellant's first motion in the trial court, but there is nothing in the rules of civil procedure relating to continuances requiring granting of a first motion merely because it meets all the requirements of the statute, and it is uncontroverted by the opposing party. *Id.* at 797. *Fritsch v. J.M. English Truck Line*, 151 Tex. 168, 246 S.W.2d 856 (1952). The motion for continuance raises the question of diligence on the part of appellant when the continuance is sought because of the absence of a witness. *Holland v. First Nat. Bank in Dallas*, 597 S.W.2d 406, 412 (Tex.Civ.App.—Dallas 1980, writ dism'd). It is axiomatic that the appellant must show that he has used due diligence and must state with particularity such diligence used and the cause of the failure to produce a witness. *Ray v. Ray*, 542 S.W.2d 209, 212 (Tex.Civ.App.—Tyler 1976, no writ). A mere conclusion that diligence was used in an affidavit accompanying a motion for continuance is insufficient to satisfy the requirements of Tex. R.Civ.P. 252. *Ray, supra,* 542 S.W.2d at 212.

■ In the case before us we cannot say that the trial judge abused its discretion in overruling the motion for continuance. We cannot determine that appellant used due diligence to procure the testimony of the witness, nor did he even state the name and address of said witness. Tex.R.Civ.P. 166a(g); 252. *See Love v. Grizzaffi*, 423 S.W.2d 164, 165 (Tex.Civ.App.—Waco 1967, no writ). Appellant has likewise failed to show why the absent witness' testimony could not have been taken by deposition. *Sanders v. Kansas City Life Ins. Co.*, 152 S.W.2d 506, 508 (Tex.Civ.App.—Amarillo 1941, writ ref'd); *Green v. State*, 589 S.W.2d 160 (Tex.Civ.App.—Tyler 1979, no writ). Under the circumstances reflected in the record, we cannot say that trial court abused its discretion in denying the motion for continuance. *Cedillo v. Jefferson*, 802 S.W.2d 866 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Jones v. Papp*, 782 S.W.2d 236 (Tex.App.—Houston [14th Dist.] 1989, writ denied).

We affirm the trial court below in granting appellee's motion for summary judgment.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

Pat Gregg's original petition was filed November 2, 1989. The original petition set out in general allegations that Dr. Linda M. Cecil, M.D. had failed to provide proper medical care and treatment. One of the principal allegations of the negligence was that the defendant was negligent and grossly negligent and failed to exercise that degree of care that a reasonably prudent medical doctor would have exercised under the same or similar circumstances. Another allegation was that the defendant, the doctor, failed to perform the prerequisite medical tests to determine if the plaintiff needed prescribed medicine. The plain-

tiff alleged that the dosage that the doctor directed the pharmacist to fill was incorrect. The pleadings of negligence against the doctor were broad. No dates were alleged as to when these acts or omissions occurred.

The defendant, the doctor, filed a defensive pleading and made a formal demand for trial by jury.

After a special exception filed by the defendant had been sustained, Gregg filed a first amended original petition which was very similar to the original petition except that Gregg pleaded that the damages sustained would not exceed $600,000 to the date of the first amended petition. Gregg's original attorney of record withdrew. In the later part of May 1990, the doctor filed a motion to compel answers to requests for production. These requests had not been answered. Slightly later, a motion was filed requesting production of certain documents from the plaintiff. Apparently these were not furnished or brought forward. However, it is correct to state at this time that the plaintiff was without an attorney of record. A medical authorization was requested of Patricia Gregg authorizing the defense to obtain medical records relevant to the plaintiff's claim.

In mid-August 1990, a motion for sanctions was filed adverse to the plaintiff. Sanctions were leveled against the plaintiff. She was ordered to comply with the defendant's request for production within 30 days. The plaintiff was ordered to pay a $250 attorney's fee. The sanction order was not complied with by the plaintiff. The defendant filed a motion to dismiss plaintiff's cause of action.

It seems evident that Patricia Gregg was first seen in Dr. Cecil's office on November 2, 1987. In response to an interrogatory Dr. Cecil, appellee, detailed a lengthy answer concerning Ms. Gregg's medical condition. The record contains and reflects an affidavit filed by Linda M. Cecil, M.D. as well as William E. Powell, M.D. Dr. Cecil's affidavit is quite lengthy and goes into considerable detail. Cecil identified herself as being a board certified obstetrician and gynecologist. The affidavit of William E. Powell, M.D. is on legal size paper and is about five pages long. Most of the affidavit is single spaced. In brief summary, Powell's affidavit stated that in Powell's expert opinion the treatment of Patricia Gregg had met or exceeded the appropriate standard of care for her condition and that appellee acted and performed as a reasonably prudent physician would, specializing in obstetrics and gynecology acting in the same and under similar circumstances.

Dr. Powell had reviewed the case and carefully studied the plaintiff's first amended original petition as well as the office notes of Dr. Cecil and the medical records of Patricia Gregg along with the pharmacy receipts and the prescriptions. Dr. Powell had also reviewed a report letter from an endocrinologist, a Dr. Keith Smith.

It became apparent that Ms. Gregg's medical history was long and varied. There existed data and records that indicated that Ms. Gregg had in the past ostensively suffered from and/or been diagnosed as having mammary dysplasia and severe fibro-cystic disease of both breasts, mild diffused osteopenia, musculo-skeletal dysfunctions secondary to an automobile accident, internal derangement of her left knee, lumbo-sacral strain, lumbar radiculopathy, spondylitis, arthritis, kidney stone, renal colic, urinary tract infections, polycystic kidney disease, diverticulosis, diverticulitis, ulcerative esophagitis, hiatal hernia, diarrhea with watery stools, nausea, vomiting, distention, bloating, abdominal pain, colitis, hemorrhoids, gall bladder disease, frequent headaches, cough, incipient thyroid deficiency with hyper-prolactinemia obesity, tobacco abuse, rash, acne, estrogen deprivation, stress urinary incontinence, dysfunctional uterine bleeding, menorrhagia, enlarged uterus, symptomatic pelvic relaxation, depression and a history of psychiatric care.

For these complaints and diagnoses Ms. Gregg has been cared for by Dr. William Crowder, (Ob–Gyn), Dr. Ralph Pierce (Gastroenterologist), Dr. Andrew Cant (Orthopedic Surgeon), Dr. Collier (General Sur-

geon), Dr. Zaniewski, Dr. Blyfield (Emergency Medicine) and Dr. Keith Smith (Endocrinologist). For these complaints she has been given the following medications: cortisporin ointment, Erycrette Pledgets, Retin A cream and gel, Duracef, Levsinex, Tetracycline, Premarin with Provera, Prozac, Desipramine, Flexeril, Carafate C Ampicillin, Soma, Phenergan, Tylenol with Codeine, Peridex, Interplak, Librax Dyazide, Imodium Achromycin, Pyridium, Macrodantin, AVC cream, Vicodin, Monostat, and Ananase. She has also undergone the following surgical procedures: dilation and curettage (fractional 3/88), total abdominal hysterectomy and suprapubic urethropexy (10/83), bilateral partial mastectomies with frozen section (10/85); IVP's, abdominal ultrasound, esophago-gastroduodenoscopy and colonoscopy. Dr. Keith Smith gave her a very ordered report of her endocrine status. Ms. Gregg has also had her request for social security disability benefits denied, and in September 1989 applied to the Texas Rehabilitation Commission. She gave as allegations back problems, depression, and GI (gastrointestinal) disease.

Dr. Powell's affidavit goes into much greater detail. To summarize the concluding paragraphs of Dr. Powell's affidavit, Powell states that it is clear that Dr. Cecil did more than the majority of gynecological specialists would have done; that Dr. Cecil went above and beyond the appropriate standard of care for treatment of a patient situated as was appellant; no tests were omitted that would have helped Dr. Cecil treat Patricia Gregg for her symptoms; there was no evidence of negligence or inadequate medical care or inadequate evaluation on the part of Dr. Cecil. In Dr. Powell's expert opinion which was based upon a reasonable degree of medical probability that no act or omission on the part of appellee caused any damage or injury to Gregg.

Appellant filed a motion to continue the hearing on the defendant's motion for a summary judgment. The record, nevertheless, fails to reflect a response by Gregg to the motion for summary judgment. The motion for continuance was filed on September 24, 1991. The suit had been filed on November 2, 1989. The motion for continuance stated that Gregg and her counsel were not prepared to respond to the factual allegations set out in the motion for summary judgment and were not prepared to respond particularly to the expert medical testimony contained in the affidavits of Cecil and Powell. The motion for continuance affirmatively states that over the past several months Ms. Gregg and her counsel have been consulting with a doctor about the issues in the case. That unnamed doctor had been diagnosed with a severe illness and he was no longer available to continue in the case. However, that doctor's name is nowhere revealed. The appellant takes a further position that during the immediate past month before the motion for continuance was filed that Ms. Gregg's counsel had spoken with other doctors and consultants but they have not had enough time to arrive at reasoned and informed opinions.

None of these doctors are named. The record reflects that the counsel for the plaintiff received a copy of the defendant's motion for summary judgment on September 12, 1991, yet delayed until one week before the motion was set for a hearing to bring forward and file the motion for continuance.

The record reflects that the plaintiff has had almost two full years to obtain a consulting and/or a testifying expert medical witness for use in pursuing her cause of action. She has not been able to do so. The record reflects that she has not been successful in this endeavor and has not been willing to impart to the district court the identity, the name, the location, and the address of any of the medical experts or consultants that she maintains she has contacted.

As this writer views the appellant's position on appeal, it is that the appellant really does not attack the trial court's granting of the summary judgment. Appellant complains of the trial court's denying her motion for continuance. Appellant takes the position that the trial court actually abused its discretion when it denied her motion for continuance. Under the entirety of this

record, this writer declines to rule that Judge Jim Keeshan abused his discretion.

The rule is well established that a trial court has broad discretion in the granting of or in the denial of motion for continuance. *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.1963). The decision of a trial court in the denial of a motion or an application for continuance will not be disturbed or upset unless the record discloses a clear abuse of discretion. No clear abuse of discretion is shown here. *State v. Crank*, 666 S.W.2d 91 (Tex.1984). Indeed, in determining whether a trial court abused its discretion an intermediate appellate court cannot and must not substitute its own judgment for that of the trial court. The appellate court only decides whether the trial court's action was arbitrary and unreasonable. *Landry v. Travelers Insurance Company*, 458 S.W.2d 649 (Tex.1970). The overruling of the motion for continuance by the trial judge was neither arbitrary nor unreasonable.

The dissenting opinion, I respectfully submit, simply misses the mark in the beginning portion of the dissent. The dissenter pontificates concerning the purpose of a summary judgment practice. Again here, the appeal is based on the denial of a motion for continuance. This appeal is not based upon the granting of the summary judgment.

Furthermore, Ms. Gregg filed a motion for new trial in this matter. The motion for new trial set out eleven grounds or allegations as to why the new trial should be granted. The record reflects that the trial court considered all matters of record as well as argument of counsel on the new trial motion. The court ruled that the motion for new trial should be in all things denied. I think the consideration and the action of the trial judge in relationship to the motion for new trial clearly demonstrates that the trial judge did not and has not acted arbitrarily, capriciously, and unreasonably. I concur with the Court's opinion to affirm the granting of the summary judgment.

BURGESS, Justice, dissenting.

I respectfully dissent. My disagreement is not so much with the majority and the authority they rely upon. My disagreement is with the way these other courts have reviewed the issue.

The purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972). Since summary judgment is a harsh remedy, appellate courts should review the practice very closely. I believe Tex.R.Civ.P. 166a(g) acts in a limiting manner. It states: "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." I read the rule to allow the trial judge only three options once an opposing party states reason why he cannot present, by affidavit, facts essential to justify his opposition. To grant the motion for summary judgment is not one of those options. This interpretation of subsection (g) is consistent with summary judgment intent. The subsection only "kicks in" when there is a response raising the issue of inability to obtain controverting affidavits. Pat Gregg certainly raised that issue. The court should have taken some less severe action than granting the motion. *See, e.g. Kubinsky v. Van Zandt Realtors*, 811 S.W.2d 711 (Tex. App.—Fort Worth 1991, writ denied). The court's failure to do so was, in my judgment, an abuse of discretion. I would reverse and remand.