Opinion issued February 16, 2006












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01127-CV




BHARATKUMAR D. NAIK, Appellant

V.

JO-CHIN WU, Appellee




On Appeal from the County Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 722792




MEMORANDUM OPINION
          Appellant, Bharatkumar D. Naik, brought suit in 1999 against Jo-Chin Wu,
appellee, for personal injuries sustained in an automobile accident. The trial court
dismissed the case for want of prosecution in 2004. In two issues on appeal,
appellant argues that the trial court’s denial of his motion for continuance, order of
dismissal, and refusal to reinstate the case constituted (1) an abuse of discretion and
(2) a violation of appellant’s due process rights. 
          We affirm. 
BACKGROUND 
          Appellant filed suit against appellee in September 1999, after the two were
involved in an automobile accident. Following some discovery activity, the case
entered a prolonged period of relative dormancy, being reset approximately ten times
between December 21, 2000 and June 29, 2004. Although a number of the resets
appear to have been initiated by the trial court itself, at least three resulted from
motions filed by appellant. These included the following:
1.On December 8, 2000, appellant filed a verified motion for
continuance. Appellant’s motion asserted that his counsel would
not be available for trial—then set for January 15, 2001—due to
illness. The motion included an affidavit from Douglas J.
Stockwell, M.D., indicating that appellant’s counsel, Leonard
Cruse, continued to experience complications from a stroke
suffered in 1996. Dr. Stockwell’s letter stated that Cruse was
expected to make a full recovery. The trial court granted
appellant’s motion, which appellee did not oppose. 
 
2.On May 13, 2002, appellant filed a second verified motion for
continuance. Appellant’s motion indicated that the scheduled
trial date of June 24, 2002 conflicted with appellant’s previously
planned vacation to Europe. The trial court granted appellant’s
motion, which appellee did not oppose. 
3.On June 29, 2004, appellant submitted a third verified motion for
continuance. The motion again asserted that Cruse would not be
available for trial, which was set to begin on approximately June
29, 2004,


 because of illness. It included a letter from a physician
at the Clear Creek Clinic


 indicating that Cruse would be unable
to perform his duties “for the next two weeks.” The trial court
granted appellant’s motion, which appellee did not oppose. 

          After appellant’s June 29, 2004 motion had been granted, the trial date was
reset for July 19, 2004. On or about July 19, 2004, appellant submitted a fourth
verified motion for continuance.


 In this motion, which appellee again did not
oppose, Cruse indicated that continuing medical conditions precluded him from
conducting a trial on July 19. The motion included a letter, again from Dr. Stockwell,
indicating that Cruse continued to suffer complications from a stroke he “suffered a
few years ago” and that he should be excused from work “for at least the next month.” 
The trial court denied appellant’s motion, maintaining a trial date of July 19, 2004. 
          Neither Cruse nor appellant appeared at trial on July 19. Noting that appellant
had failed to appear despite being notified of the trial date, the trial court ordered
appellant’s action “dismissed for want of prosecution.” Pursuant to Rule 165a(3) of
the Texas Rules of Civil Procedure, appellant filed a motion for reinstatement on
August 20, 2004. See Tex. R. Civ. P. 165a(3). Appellee filed a response opposing
appellant’s motion for reinstatement on August 30, 2004. After an August 31, 2004
hearing, the trial court denied appellant’s motion for reinstatement. This appeal
followed. 
DISCUSSION
          In two issues on appeal, appellant, in effect, contends that the trial court’s
decision to dismiss the case for want of prosecution constituted (1) an abuse of
discretion and (2) a violation of appellant’s due process rights. Appellant argues that
the trial court abused its discretion and violated appellant’s due process rights by
denying his fourth motion for continuance, dismissing the case, and denying his
motion for reinstatement. 
          Dismissal and Reinstatement Generally 
          A trial court possesses the power to dismiss a case pursuant to its inherent
authority or Texas Rule of Civil Procedure 165a. See Villarreal v. San Antonio Truck
& Equip., 994 S.W.2d 628, 630 (Tex. 1999); Tex. R. Civ. P. 165a. Under Rule 165a,
a trial court may dismiss a case on “failure of any party seeking affirmative relief to
appear for any hearing or trial of which the party had notice.” Tex. R. Civ. P.
165a(1). Independent of the Texas Rules of Civil Procedure, a trial court may also
order a dismissal when a plaintiff fails to prosecute a case with due diligence. See
Villarreal, 994, S.W.2d at 630. Whether it acts under Rule 165a or its inherent
authority, a court must provide a party with notice and an opportunity to be heard
prior to entering an order of dismissal. Id.; see also Tex. R. Civ. P. 165a(1). Failure
to provide adequate notice of the trial court’s intent to dismiss for want of prosecution
requires reversal on due process grounds. See Villarreal, 994 S.W.2d at 630–31. 
Participation in a hearing on a motion to reinstate, however, cures any due process
concerns stemming from a failure to provide notice of intent to dismiss. See Polk v.
Southwest Crossing Homeowners Ass’n, 165 S.W.3d 89, 94–95 (Tex. App.—Houston
[1st Dist.] 2005, pet. denied). 
          If a case is dismissed, the adversely affected party may file a verified motion
to reinstate. Tex. R. Civ. P. 165a(3). If a motion to reinstate is filed, the court “shall
reinstate the case upon finding after a hearing that the failure of the party or his
attorney was not intentional or the result of conscious indifference but was due to an
accident or mistake or that the failure has been otherwise reasonably explained.” Id. 
A failure to appear is not considered intentional or due to conscious indifference
simply because it is negligent or even deliberate; it must also be without adequate
justification. See Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex.
1995). 
          Standard of Review 
          We review a denial of a motion for continuance, a dismissal for want of
prosecution, and a denial of a motion to reinstate under an abuse of discretion
standard. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997) (stating that an abuse
of discretion standard of review applies to dismissal for want of prosecution);
Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986) (stating that abuse of discretion
standard of review applies to decisions to grant or deny motion for continuance). A
trial court abuses its discretion if it acts in an arbitrary or unreasonable manner
without reference to guiding rules or principles. See Garcia v. Martinez, 988 S.W.2d
219, 222 (Tex. 1999). A trial court does not abuse its discretion merely because it
decides a discretionary matter differently than an appellate court would in a similar
circumstance. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42
(Tex. 1985). In determining whether or not to grant a motion for continuance,
dismissal, or reinstatement, a trial court may consider the entire history of a case,
“including the length of time the case was on file, the amount of activity in the case
. . . and the existence of reasonable excuses for delay.” See Nawas v. R&S Vending,
920 S.W.2d 734, 737 (Tex. App.—Houston [1st Dist.] 1996, no writ); Durston v. Best
Western Motel, 695 S.W.2d 795, 797 (Tex. App.—Waco 1985, no writ) (stating that
in ruling on motion for continuance trial court must examine entire record). 
          Appellant’s Abuse of Discretion Claims
          In his first issue on appeal, appellant claims the trial court abused its discretion
by denying appellant’s fourth motion for continuance, ordering dismissal of the case,
and rejecting appellant’s motion for reinstatement. The crux of appellant’s argument
concerns the trial court’s denial of appellant’s fourth motion for continuance on July
19, 2004. Appellant contends that because the assertions regarding Cruse’s inability
to participate at trial on July 19 were not controverted, the trial court was required to
accept them as true. According to appellant, if Cruse’s illness irrefutably prevented
him from performing his duties, the trial court could not deny appellant’s motion for
continuance without abusing its discretion. 
          We find appellant’s argument to be unpersuasive. First, the cases appellant
cites in support of his contention that the trial court must accept uncontroverted facts
as true when considering a motion for continuance refer specifically to a party’s first
motion, not its fourth.


 Nevertheless, even assuming that the trial court was required
to accept the assertions in appellant’s fourth motion for continuance as true, we
cannot say that the trial court abused its discretion by denying appellant’s motion.



          The trial court need not have doubted that Cruse was medically unfit for trial 
to deny appellant’s motion without abusing its discretion. Twice appellant had
sought and received continuances due to Cruse’s medical condition, the onset of
which appears to have dated to 1996. When appellant sought a third continuance due
to Cruse’s same medical condition, it was reasonable for the trial court to conclude
that Cruse’s condition might not resolve itself within a reasonable amount of time. 
Indeed, appellant’s motion indicated that Cruse was suffering complications identical 
to those he reported in his December 8, 2000 motion for continuance, suggesting that
Cruse’s condition had not improved in four years. Considering that trial courts
possess wide latitude to manage their dockets,


 it was reasonable for the court here,
absent any certainty that Cruse would recover within a reasonable time, to deny
appellant’s motion. 
          Once one concludes that it was not an abuse of discretion to deny appellant’s
fourth motion for continuance, it logically follows that the trial court did not abuse
its discretion when it dismissed appellant’s case after appellant failed to appear for
trial on July 19, 2004. See e.g. Tex. R. Civ. P. 165a(1) (stating that trial courts may
dismiss cases for failure to appear). Thus, we turn to appellant’s contentions
regarding the trial court’s denial of his motion to reinstate. 
          As noted, Texas Rule of Civil Procedure 165a(3) provides that when a case is
dismissed for want of prosecution, “the court shall reinstate the case upon finding,
after a hearing, that the failure of the party or his attorney [to appear] was not
intentional or the result of conscious indifference but was due to an accident or
mistake or that the failure has been otherwise reasonably explained.” Tex. R. Civ.
P. 165a(3). Appellant contends that the trial court was required to reinstate his case
because his failure to appear was “otherwise reasonably explained” by the existence
of Cruse’s medical condition. Thus in effect, appellant argues that the trial court was
required to grant his motion for reinstatement on the exact same grounds that it
rejected his motion for continuance. Appellant’s contention ignores the trial court’s
legitimate concerns regarding the ability of Cruse to be fit for trial within a reasonable
time. Because appellant advanced no new arguments at the hearing for reinstatement,
simply reiterating the fact that Cruse was ill, we conclude that appellant did not
provide an adequate justification for his failure to appear. See Smith, 913 S.W.2d at
468. 
          We overrule appellant’s first issue on appeal. 
          Appellant’s Due Process Claims 
          In his second issue on appeal, appellant in effect contends that his right to due
process was violated when the trial court dismissed his suit and denied his motion for
reinstatement. Rule 38 of the Texas Rules of Appellate Procedure provides that a
brief to the court of appeals shall contain, among other things, “a clear and concise
argument for the contentions made, with appropriate citations to authorities and the
record.” Tex. R. App. P. 38.1(h); see also Fredonia State Bank v. Gen. Am. Life Ins.
Co., 881 S.W.2d 279, 284 (Tex. 1994). The failure to adequately brief an issue by not
providing authorities and record citations waives any error on appeal. See Raitano
v. Tex. Dep’t of Pub. Safety, 860 S.W.2d 549, 554 (Tex. App.—Houston [1st Dist.]
1993, writ denied) (“The Court does not represent the appellant and has no duty to
search for pertinent authority.”). In view of appellant’s failure to provide authorities
or record citations for his due process claims,


 we conclude that appellant has waived
his second issue. 
          We overrule appellant’s second issue on appeal. CONCLUSION
          We affirm the judgment of the trial court. 
 
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.