Opinion issued March 27, 2008





            
 






In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00181-CV
  __________
 
 
E. DEAN LANDERS AND MARGARET LANDERS, Appellants
 
V.
 
STATE FARM LLOYDS, Appellee
 
 

 
 
On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2005-42628




OPINION ON REHEARING

          We withdraw our Opinion and judgment rendered February 28, 2008 and

issue the following in its stead. We deny appellants’ motions for rehearing and
rehearing en banc.
            In this insurance coverage case, the trial court granted State Farm Lloyds’s
(“State Farm”) motion to exclude E. Dean and Margaret F. Landers’ (“the
Landerses”) experts and then granted State Farm’s no-evidence motions for summary
judgment. On appeal, the Landerses contend that the trial court erred (1) in granting
the motions for summary judgment because there are genuine issues of material fact,
(2) in allowing State Farm’s expert to give new opinions and calculations at the
Daubert/Robinson


 hearings that had not been timely supplemented and disclosed
before the hearings, (3) in striking the Landerses’ experts from testifying at trial, and
(4) in not granting the Landerses’ request for a continuance of the hearing on the
motions for summary judgment. We affirm.
                                            Procedural and Factual Background
          The Landerses are named insureds under a homeowner’s insurance policy
issued by State Farm. In August 2001, the Landerses notified State Farm that their
home had suffered structural and cosmetic damage as a result of plumbing leaks. 
State Farm assigned Reuben Quintero as the adjuster for the claim. State Farm also
hired a pipe inspection company and an engineering company to inspect the
Landerses’ property and to provide a report to State Farm regarding the cause of the
damage to the Landerses’ home. Following the completion of its investigation, State
Farm determined that the damage claimed by the Landerses was not caused by a
plumbing leak and that State Farm did not have a duty under the Landerses’
homeowner’s policy to pay the claim. The Landerses sued State Farm and Quintero
for breach of State Farm’s obligations under the homeowner’s policy, breach of the
duty of good faith and fair dealing, fraud, and for violations of the Texas Insurance
Code and the Texas Deceptive Trade Practice Act (“DTPA”). 
           State Farm filed a motion to exclude the opinion testimony of Jim Linehan and
Jeffery Lineberger, the Landerses’ two expert witnesses on the issue of causation. 
After two Daubert/Robinson hearings, the motion was granted, and both Linehan and
Lineberger were prevented from testifying regarding the cause of the damage to the
Landerses’ home.
           Two months later, on November 1, 2005, State Farm filed its “Motion for No
Evidence Summary Judgment on All of the Plaintiffs’ Claims and Supplement To the
Motion for Summary Judgment on Plaintiffs’ Extra-Contractual Claims.”


 This
motion was set to be submitted to the trial court at 8:00 a.m. on November 28, 2005. 
 At 9:20 a.m. on the morning of the submission, the district court clerk received the
Landerses’ response to the motion. In addition to complaining of the trial court’s
striking of their experts, the response also contains a motion seeking continuance of
the submission of State Farm’s motion for summary judgment. The response does not
contain a motion for leave to file a tardy response.
          The next day, the trial court, noting that it had found no response to the
motions for summary judgment or motions to be considered by the court, granted
State Farm’s motions for summary judgment and dismissed the Landerses’ claims
against Quintero. A copy of this order was faxed to the Landerses’ counsel. 
          Eight days later, on December 7, 2005, the Landerses sent a letter to the trial
court advising it that it was in error when it stated in the order that they did not file
a response to the motions for summary judgment. They stated that a response was
timely filed by certified mail, return receipt requested on November 21, 2005. They
also stated that a motion for continuance of the hearing on State Farm’s motion for
summary judgment was contained in the response.


 The letter to the trial court did
not include a certified mail receipt demonstrating a timely post mark or an affidavit
verifying the facts alleged in his letter regarding the timeliness of the filing of the
response.
         The Landerses filed a motion for new trial. Although the motion asserts that the
Landerses’ response and motion for continuance were timely filed on November 23,
2005, again, there was no copy of a certified mail receipt demonstrating a timely post
mark of the United States Postal Service or an affidavit verifying the facts alleged in
the motion regarding the timeliness of the filing of the response. The motion was
overruled by operation of law, and this appeal followed.


 Summary Judgment
          In their first and second issues, the Landerses argue that the trial court erred in
granting State Farms’s motions for summary judgment because there was summary
judgment evidence creating fact issues with respect to all of the Landerses’ causes of
action. We disagree. 
Standard of Review
          We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). A no-evidence motion for summary judgment
must be granted if, after adequate time for discovery, the moving party asserts that
there is no evidence of one or more specified elements of a claim or defense on which
the adverse party would have the burden of proof at trial and the respondent produces
no summary judgment evidence raising a genuine issue of material fact on those
elements. Tex. R. Civ. P. 166(a)(i); LMB, Ltd. v Moreno, 201 S.W.3d 686, 688 (Tex.
2006).
          A party who files a no-evidence summary judgment motion pursuant to rule
166a(i) has essentially requested a pretrial directed verdict. Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 581 (Tex. 2006). When the movant files its motion in
proper form, the burden shifts to the nonmovant to defeat the motion by presenting
evidence that raises an issue of material fact regarding the elements challenged by the
motion. Id. at 582; Weaver v. Highlands Ins. Co., 4 S.W.3d 826, 829 (Tex.
App.—Houston [1st Dist.] 1999, no pet.).
Timeliness of the Landerses’ Response

          In one pleading, State Farm filed two no-evidence motions for summary
judgment. In the motions, State Farm asserts that it is entitled to summary judgment
on the Landerses’ breach of contract claim because:
(1) The Landerses have no evidence that any peril or event covered
under their policy with State Farm Lloyds was a producing cause
of a loss. 
 
(2)The Landerses have no evidence that any peril or event covered
under their policy with State Farm Lloyds was a proximate cause
of a loss.

 
(3)The Landerses have no evidence that State Farm Lloyds failed to
comply with any of its duties under the homeowner’s policy.
 
(4)The Landerses have no evidence that any failure by State Farm
Lloyds to comply with any of its duties under its contract with the
Plaintiffs was a producing cause of damages. 
 
(5)The Landerses have no evidence that any failure by State Farm
Lloyds to comply with any of its duties under the homeowner’s
policy was a proximate cause of the Landerses’ damages. 

State Farm also asserts that, because there was no evidence of causation and no
evidence of breach of contract, it had no liability under the Texas Insurance Code. 
          State Farm also supplemented a previously-filed traditional motion for
summary judgment regarding the Landerses’ extra-contractual claims with a no
evidence motion on these claims. In the supplement, State Farm asserts that it is
entitled to summary judgment on the extra-contractual claims because there cannot
be liability under extra-contractual causes of action if, as here, there is no evidence
of a breach of the homeowner’s policy by State Farm. In addition, State Farm argues
that there is no evidence that the conduct that State Farm allegedly engaged in was
extreme or that it produced damages unrelated to or independent of the policy claim.
          Pursuant to Texas Rule of Civil Procedure 166a(c), the Landerses had until
November 21, 2005, seven days before the hearing on the motions for summary
judgment to file either (1) a response to these motions or (2) a motion for leave to file
the response out of time. Tex. R. Civ. P. 166a(c). Rule 166a(c) provides, in pertinent
part, that, “except on leave of court, the adverse party, not later than seven days prior
to the date of the hearing may file and serve opposing affidavits or other written
responses.” Tex. R. Civ. P. 166a(c).
          The “ mail box” rule of Texas Rule of Civil Procedure 5, applies to responses
to motions for summary judgment. Pursuant to this rule, a response, sent to the clerk
by first class United States mail on the seventh day prior to the hearing, is deemed
timely filed if received by the clerk not more than 10 days after its due date. Tex. R.
Civ. P. 5. This rule further states that “a legible post mark affixed by the United
States Postal Service shall be prima facie evidence of the date of mailing.” Id. In
addition, Texas courts have held that, “in the absence of a proper postmark or
certificate of mailing, an attorney’s un-controverted affidavit may be evidence of the
date of mailing.” Lofton v. Allstate Ins., 895 S.W.2d 693, 694 (Tex. 1998). 
          Here, the Landerses’ response to the no-evidence motions for summary
judgment was untimely filed. The Landerses did not present the trial court with proof
of “a legible postmark affixed by the United States Postal Service” or an affidavit
establishing that the Landerses’ response to State Farms’s motion for summary
judgment was timely mailed. 


 Furthermore, the Landerses did not file a motion for
leave to file their untimely response. Under these circumstances, we conclude that
the Landerses’ response was filed on the date of the court clerk’s file stamp,
November 28, 2005, and the Landerses’ allegations that their response was timely
filed are unsupported in the record.


 Accordingly, the trial court did not err in
granting the pending motions for summary judgment without considering the
untimely response. See Atchely v. NCNB Tex. Nat’l Bank, 795, S.W.2d, 336, 337
(Tex. App.—Beaumont, 1990, pet. denied) (“Untimely responses to motions for
summary judgments are not properly before a trial court at a hearing on such
motions.”) 
Effect of Untimely Response

          The Landerses argue that, even without their response, State Farms’s motions
for summary judgment still should have been denied. The Landerses contend that
State Farms attached the report of one of their experts, Taylor Sealy, to its earlier-filed traditional motion for partial summary judgment, and Sealy’s report creates a
fact issue sufficient to defeat both subsequently-filed no-evidence motions for
summary judgment.


 We disagree. 
          Absent a timely response, a trial court must grant a no-evidence motion for
summary judgment that meets the requirements of Rule 166a(i). Tex. R. Civ. P.
166a(i). If a nonmovant wishes to assert that, based on the evidence in the record ,
a fact issue exists to defeat a no-evidence motion for summary judgment, he must
timely file a response to the motion raising this issue before the trial court. Id. Before
the advent of rule 166a(i), it was well settled that summary judgment could not be
rendered based on the default of the opposing party. McConnell v. Southside Sch.
Dist., 858 S.W.2d 337, 343 (Tex. 1993); Rizkallah v. Conner, 952 S.W.2d 580,
582–83 (Tex. App.—Houston [1st Dist.] 1997, no pet.). The nonmovant was not
required to file a response to defeat the motion for summary judgment because
deficiencies in the movant’s own proof or legal theories might defeat the movant’s
right to judgment as a matter of law. See City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 678 ( Tex. 1979). However, as Texas courts have
repeatedly held, the traditional prohibition against summary judgment by default is
inapplicable to motions filed under Rule 166a(i). Roventini v. Ocular Scis., Inc., 111
S.W.3d 719, 723 (Tex. App.—Houston [1st Dist.] 2003, no pet.). As the court held
in Jackson v. Fiesta Mart Inc.,
On appeal, [nonmovant] argues that the trial court may not grant a
summary judgment by default for lack of an answer or response when
the movant’s summary judgment proof is legally insufficient. 
[Nonmovant’s] argument is technically correct when applied to a motion
for summary judgment filed under Rule 166a(c). [Movant’s] motion,
however, was clearly a no-evidence motion for summary judgment filed
under Rule 166a(i), which shifts the burden of raising a genuine issue
of material fact to the nonmovant.

979 S.W.2d 68, 71 (Tex. App.—Austin, 1998, no pet.). Accordingly, where as here, 
the movant has filed a motion that identifies the elements as to which there is no
evidence, and in a form that is neither conclusory nor a general no-evidence
challenge, summary judgment must be rendered absent a timely and legally adequate
response by the nonmovant. See Roventini, 111 S.W.3d at 722. In this case, because
the Landerses did not file a timely response to the motion, we hold that the trial court
did not err in granting the no-evidence motions for summary judgment.


 
          We overrule issues one and two.
Motion for Continuance
          In issue five, the Landerses assert that the trial court erred in denying their
motion for continuance of the hearing on motions for summary judgment. We
disagree.  Standard of Review 
          We review the grant or denial of a motion for continuance for an abuse of
discretion. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). We will not overrule
the trial court’s decision unless the trial court acted unreasonably or in an arbitrary
manner “without reference to any guiding rules and principles.” Beaumont Bank, N.A.
v. Buller, 806 S.W.2d 223, 226 (Tex. 1991) (quoting Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)).     
          The trial court may grant a continuance to a party opposing a motion for
summary judgment to permit further discovery if the nonmovant can show the need
for such discovery to oppose the motion. Tex. R. Civ. P. 166a(g). A motion for
continuance seeking time for discovery must be supported by an affidavit that
describes the evidence sought, explains its materiality, and shows that the party
requesting the continuance has used due diligence to timely obtain the evidence. Tex.
R. Civ. P. 251, 252; see Hatteberg v. Hatteberg, 933 S.W.2d 522, 527 (Tex.
App.—Houston [1st Dist.] 1994, no writ). The affidavit of diligence must state with
particularity what diligence was used; conclusory allegations of diligence are not
sufficient. Gregg v. Cecil, 844 S.W.2d 851, 853 (Tex. App.—Beaumont 1992, no
writ). A party who fails to diligently use the rules of discovery is not entitled to a
continuance. State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988).
          As discussed above, the Landerses did not file their motion for continuance until
after the deadline had passed for their response. Furthermore, neither the motion nor
the affidavit verifying the contents of the motion set forth any facts regarding the
Landerses’ diligence in attempting to secure additional expert testimony prior to the
deadline to respond to the motion for summary judgment.


 Under these circumstances,
we hold that the trial court did not abuse its discretion in denying the motion for
continuance. We overrule issue five.
          Because we affirm the trial court’s granting of the two motions for summary
judgment, we need not reach the remaining issues. 
Conclusion
          We affirm the trial court’s judgment.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Taft, Hanks, and Higley